**B & B INVESTMENT CLUB et al.**

v.

**KLEINERT'S, INC., et al.**

**Civ. A. No. 73–642.**

United States District Court,
E. D. Pennsylvania.

June 21, 1979.

Harold E. Kohn, Samuel E. Klein, Kohn, Savett, Marion & Graf, Philadelphia, Pa., for plaintiffs.

Timothy C. Russell, Henry W. Sawyer, III, Drinker, Biddle & Reath, Philadelphia, Pa., for Kleinert's, Inc.

Joseph H. Einstein, Aranow, Brodsky, Bohlinger, Benetar & Einhorn, New York City, for John Stephens and Robert Brubaker.

## MEMORANDUM

CAHN, District Judge.

## I. PRELIMINARY STATEMENT

Plaintiffs filed this suit in March of 1973 alleging that defendant Kleinert's Inc. (a diversified manufacturer), Arthur Andersen & Co. (an accounting firm), Paneth, Haber & Zimmerman (an accounting firm), Drexel Burnham & Co. (an investment banking firm), and eleven individuals had committed various security violations in connection with a public offering of Kleinert's stock.[1] On March 1, 1974, the Honorable Clifford Scott Green granted plaintiffs' motion to certify the case for class action status.[2]

Two of the individual defendants, John Stephens and Robert Brubaker, filed cross-claims against Kleinert's alleging that they were entitled to indemnification for the expenses incurred in defending the action and

---

**1.** According to plaintiffs' averments, defendants violated § 12(2) and § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2) and § 77q(a); § 10(b) and § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78t(a); and Rule 10b–5, 17 C.F.R. 240–106–5, adopted by the Securities and Exchange Commission.

**2.** This case has had a long and arduous history. When the case was filed in 1974 it was as-

signed to the Honorable Clifford Scott Green. After Judge Green denied the plaintiff's motion for the appointment of a receiver for Kleinert's, the case was transferred to my docket. (Judge Green's Opinion appears at 381 F.Supp. 569 (E.D.Pa.1974)). In an opinion which appears at 391 F.Supp. 720 (E.D.Pa.1975), I decided various pretrial motions and set forth a detailed description of the procedural history of this litigation.

for any amounts they might pay toward the satisfaction of any judgment or their share of any settlement. Kleinert's in turn denied that there was any right of indemnification accruing to Stephens or Brubaker and filed a countercross-claim to obtain contribution and/or indemnification from them in regard to any liability which Kleinert's might incur.

During the pretrial proceedings the cross-claims brought by Stephens and Brubaker and the countercross-claim brought by Kleinert's were severed from the main action pursuant to a stipulation whereby those matters would be tried without a jury after the resolution of the main claims. Eventually, plaintiffs' main claims against Kleinert's, the accounting firms and the investment banking firm were settled. Stephens also settled by paying the plaintiffs the sum of $35,000. Brubaker was able, without making any monetary payment, to negotiate a dismissal with prejudice of all of plaintiff's claims against him. Kleinert's has now moved for summary judgment in its favor on the indemnification cross-claims brought by Stephens and Brubaker. Brubaker has also moved for summary judgment on his cross-claim against Kleinert's for indemnification. Pursuant to an agreement among the parties, Kleinert's has stipulated to limit its countercross-claim to a set-off against any judgment which Stephens and/or Brubaker might obtain on their cross-claims.

## II. FACTUAL BACKGROUND.

The basis of plaintiffs' claim is that the defendants were responsible for a number of material misrepresentations to the investing public concerning the financial condition and prospects of Kleinert's business and operations. The time frame during which these alleged misrepresentations were made extends from May 17, 1972, to December 7, 1972. During that period Stephens held the position of president and chief operating and financial officer of Kleinert's, and he was a director. Brubaker during that period served as Kleinert's treasurer.

After plaintiffs settled with the principal defendants and dismissed their claims against the eleven individual defendants, Stephens and Brubaker pressed their cross-claims for indemnification. Initially, these indemnification claims were presented to a special committee of the seven person Board of Directors of Kleinert's. The special committee consisted of the three directors who were not named as individual defendants in the main action. The special committee concluded that Stephens and Brubaker were not entitled to indemnification. Thereafter, Stephens and Brubaker pursued their cross-claims in this litigation.

## III. KLEINERT'S MOTION FOR JUDGMENT AGAINST BRUBAKER.

Since Kleinert's is a corporation organized under the laws of Pennsylvania, the provisions of the Pennsylvania Business Corporation Code (Code) control the outcome of this case.[3] Section 410 C of the Code provides that an officer "shall be in-

---

3. Section 410 of the Business Corporation Code provides in part:

A. A business corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation) by reason of the fact that he is or was a director, officer, employe or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employe or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in, or not opposed to, the best interests of the corporation, and with

demnified" against reasonable expenses and attorneys' fees to the extent he "has been successful on the merits or otherwise" in a proceeding where his actions as an officer allegedly violated the law. Brubaker maintains that since he negotiated a dismissal with prejudice without making any payment to the plaintiff class, he has met the statutory test of "success on the merits or otherwise." Therefore, he contends, § 410 C directs Kleinert's to provide indemnification.

Brubaker relies heavily on *Wisener v. Air Express International Corp.*, 583 F.2d 579 (2d Cir. 1978), where the defendant "contended that Wisener was not 'successful' in the litigation, since the third-party claims against him never proceeded to trial," 583 F.2d at 583, but the court nevertheless held that:

> The statute, however, refers to success 'on the merits or otherwise,' which surely is broad enough to cover a termination of claims by agreement without any payment or assumption of liability.

*Id.* *Wisener* construed an Illinois statute which contained an indemnification provision similar to § 410 C.[4] The court found that the statute mandated indemnification.

Kleinert's contends that Brubaker was not "successful on the merits or otherwise" because he was not vindicated by the settlement. According to Kleinert's, any participation in a settlement agreement, whether or not accompanied by monetary consideration, would make the mandatory indemnification of § 410 C inapplicable and would limit the participant to indemnification under § 410 A which is not mandatory and which contains a good faith requirement. The difficulty with Kleinert's position is that there is little or no authority in support of it and, indeed, *Wisener* is strong precedent to the contrary. Kleinert's has made a feeble attempt to distinguish *Wisener* by assuming that none of the defendants in *Wisener* made any payments to the plaintiffs. Although that assumption is probably unwarranted, even if it were accurate it would not detract from Brubaker's argument that he is entitled to indemnification because he made no monetary payment and the case was dismissed with prejudice as to him.

Kleinert's cites *Galdi v. Berg*, 359 F.Supp. 698 (D.Del.1973), for the proposition that a dismissal *without* prejudice is not the equivalent of a successful termination. However, in the case *sub judice* Brubaker secured dismissal *with* prejudice and *Galdi* recognizes that mandatory indemnification

---

respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

. . . . .

C. To the extent that a director, officer, employe or agent of a business corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsection A or B of this section or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

D. Any indemnification under subsections A or B of this section (unless ordered by a court) shall be made by the corporation only as authorized in the specific case upon a determination that indemnification of the director, officer, employe or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in such subsection. Such determination shall be made:

(1) By the board of directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit or proceeding, or

(2) If such a quorum is not obtainable, or, even if obtainable a majority vote of a quorum of disinterested directors so directs, by independent legal counsel in a written opinion, or

(3) By the shareholders.

4. Ill.Rev.Stat. ch. 32, § 157.42–12 (1977) provides:

(c) To the extent that a director, officer, employee or agent of a corporation has been successful, on the merits or otherwise, in the defense of any action suit or proceeding referred to in paragraphs (a) and (b), or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith. Although this statute was modified to include indemnification provisions after the date of the district court's decision, the court of appeals applied the legislation as modified.

in accordance with § 145(c) of the Delaware General Corporation Law, 8 Del. C. § 145(c), is appropriate in that situation.[5]

Kleinert's also relies on *Goldstein v. Alodex Corp.*, 409 F.Supp. 1201 (E.D.Pa.1976), where the court, applying Tennessee law, ordered indemnification of directors who had obtained dismissals with prejudice through a settlement to which they did not contribute monetarily. The court did not apply the concept of mandatory indemnification. Thus Kleinert's points to *Goldstein* as authority for its position that indemnification is not mandatory where the officer or director is included in a settlement arrangement to which he did not contribute. However, the Tennessee statutory scheme for indemnification does not include the mandatory language of § 410 C of the Pennsylvania Code.[6] Instead, § 48–409(1) of the Tennessee code refers a "wholly" successful officer or director to the provisions of § 48–407 or § 48–408 which contain permissive language and a good faith requirement. It is obvious that *Goldstein*, which construes a statute significantly different from that of Pennsylvania, does not control the case at bar.

■ Finally, Kleinert's has filed the affidavit of an attorney for the plaintiff class for the purported purpose of establishing that Brubaker was not "successful." Brubaker argues that this affidavit is objectionable because Fed.R. of Evid. 408 excludes evidence relating to compromise negotiations.[7] Brubaker's objection is not well taken because the rule excludes evidence of a compromise only on the issue of the amount or validity of the claim which is the subject of the compromise. If the compromise negotiations are used for another purpose they are not inadmissible under Rule 408. Therefore the affidavit will be made a part of the record in this case.

■ Kleinert's, having overcome the evidentiary obstacle, contends the affidavit proves that the claims against Brubaker were dismissed with prejudice only because Stephens paid $35,000 to the class plaintiffs. That the class plaintiffs at one point in the negotiations sought a cash payment from Brubaker but later settled with him for no monetary consideration does not render Brubaker any less successful than the plaintiff in *Wisener*. Nor is the extent of Brubaker's success affected by Stephens' having paid sufficient consideration to enable Brubaker to negotiate a dismissal with prejudice without making any payment. In short, Brubaker was "successful on the merits or otherwise" in this factual context and is thus entitled to indemnification as a matter of law under § 410 C.

Therefore, Kleinert's motion for summary judgment against Brubaker will be denied and Brubaker's motion for summary judgment on his cross-claim against Kleinert's will be granted in part: a partial summary judgment will be entered in favor of Brubaker on the issue of whether or not he is entitled to indemnification; the amount of the indemnification and Kleinert's countercross-claim limited to the amount of the indemnification are issues that remain to be tried.

---

**5.** Although *Galdi* applied Delaware law, § 145(c) of the Delaware General Corporation Law is similar to § 410 C of the Business Corporation Code of Pennsylvania.

**6.** Section 409(1) of the Tennessee General Corporation Act provides:

> A person who has been wholly successful, on the merits or otherwise, in the defense of a civil or criminal action or proceeding of the character described in § 48–407 or § 48–408 shall be entitled to indemnification as authorized in such sections.

**7.** Fed.R.Evid. 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable,

consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

## IV. KLEINERT'S MOTION FOR SUMMARY JUDGMENT AGAINST STEPHENS.

Kleinert's asserts that Stephens is not entitled to indemnification pursuant to § 410 A and § 401 D because the three directors who were not defendants in the main claim have so determined. Stephens counters with the argument that § 410 D(1) requires a quorum of the board of directors to determine whether indemnification under § 410 A is appropriate and since four of the seven directors in office were defendants in the main claim, a quorum is not obtainable.[8] Stephens also urges that considerations of fairness and equity dictate that he be indemnified.

■ Both Stephens' and Kleinert's contentions miss the mark. Section 410 D sets forth three mutually exclusive methods of determining whether a director or officer has met the standards of conduct required by § 410 A. Unless the corporation follows one of the methods of approval provided for in § 410 D, indemnification under § 410 A would be unauthorized. 1 Sell, Pennsylvania Business Corporations, § 410.5 states:

In the light . . . of the specific procedures set forth in this subsection, it is obvious that a determination made by any other person or group will not constitute a determination on which the corporation can base an indemnification. . .

Unless indemnification is approved by majority vote of a quorum (excluding those directors who were defendants) of the total board or there is an opinion by a disinterested legal counsel or there is shareholder approval, a § 410 A indemnification cannot be accomplished. None of these three mutually exclusive possibilities occurred and therefore indemnification pursuant to § 410 A and § 410 D is not possible. Partial summary judgment will be entered in favor of Kleinert's and against Stephens on the issue of whether § 410 A and § 410 D entitle Stephens to indemnification. However, Kleinert's is not entitled to complete summary judgment against Stephens because Stephens may be entitled to indemnification by virtue of Section 7–1 of the bylaws [9] and § 410 F of the Business Corporation Code.[10]

8. Section 402(5) of the Pennsylvania Business Corporation Code, 15 Pa.Stat.Cons. § 1402(5) provides:

A majority of the directors in office shall be necessary to constitute a quorum . . .

9. Section 7–1 of Article VII of the bylaws of Kleinert's provides:

The Corporation shall indemnify any Director or officer of the Corporation against expenses (including legal fees), judgments, fines and amounts paid in settlement, actually and reasonably incurred by him, to the fullest extent now or hereafter permitted by law in connection with any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, brought or threatened to be brought against him by reason of his performance or arising out of his status as a Director or officer of the Corporation or its predecessor New York corporation, or any of its subsidiaries or by reason of his performance or arising out of his status in any capacity in any other corporation or organization at the request of or on behalf of the Corporation or its predecessor New York corporation or any of its subsidiaries.

The Board of Directors by resolution adopted in each specific instance may similarly indemnify any person other than a Director or officer of the Corporation for liabilities incurred by him in connection with services rendered by him for or at the request of the Corporation or its predecessor New York corporation or any of its subsidiaries.

The provisions of this section shall be applicable to all actions, suits or proceedings commenced after its adoption, whether such arise out of acts or omissions which occurred prior or subsequent to such adoption and shall continue as to a person who has ceased to be a Director or officer or to render services for or at the request of the Corporation or its predecessor New York corporation and shall inure to the benefit of the heirs, executors and administrators of such a person. The rights of indemnification provided for herein shall not be deemed the exclusive rights to which any Director, officer, employee or agent of the Corporation or the predecessor New York corporation may be entitled.

10. Section 410 F of the Business Corporation Code provides:

The indemnification provided by this section shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any by-law,

According to Kleinert's, Stephens is not entitled to indemnification under Section 7–1 of the bylaws and § 410 F of the Code. Kleinert's urges that the phrase in Section 7–1 of the bylaws "the Corporation shall indemnify" is limited by the subsequent provision "to the fullest extent now or hereafter permitted by law" and unless one of the three mutually exclusive methods set forth in § 410 D result in a determination that the good faith requirement of § 410 A is met, no indemnification according to law can be accomplished.

 I disagree. I construe Section 7–1 of the Kleinert's bylaws to provide indemnification to the greatest extent possible. I base this construction on the use of the language "to the fullest extent now or hereafter permitted by law." It would be a tortuous construction to limit that broad language to § 410 A and § 410 D. On the other hand, § 410 F specifically provides that indemnification under § 410 "shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any bylaw. . . ." Since § 410 F specifically permits a bylaw to confer a right of indemnification and since § 7–1 of Kleinert's bylaws uses the mandatory word "shall" I find that Stephens may have a contractual right to indemnification in this factual context.[11]

Furthermore, Kleinert's contention that Section 7–1 requires approval of the disinterested directors before a director or an officer is entitled to indemnification is wholly without merit. In the first paragraph of Section 7–1 there is no requirement of any corporate approval for indemnification of directors or officers; the section provides that the corporation "shall" indemnify them. In the second paragraph, however, Section 7–1 provides that "the

Board of Directors by resolution adopted in each specific instance may similarly indemnify any person other than a Director or officer. . . ." Thus Kleinert's has explicitly distinguished between directors or officers and other individuals by granting a director or an officer an unconditional right to indemnification but requiring a corporate resolution before the corporation can indemnify others. Clearly Section 7–1 is more than an incorporation by reference of the § 410 A and § 410 D procedure and in fact confers indemnification rights on directors and officers in accordance with § 410 F. Kleinert's motions for summary judgment that Stephens is not as a matter of law entitled to indemnification under Section 7–1 of Article VII of the bylaws and § 410 F of the Business Corporation Code will therefore be denied.

---

agreement, vote of shareholders or disinterested directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employe or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

11. In *Beneficial Industrial Loan Corp. v. Smith*, 170 F.2d 44, 50 (3d Cir. 1948), *aff'd sub nom.*, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), Chief Judge Biggs stated:

The right of the officers and directors of Beneficial to indemnification under the bylaw is analogous to a contract right.