SMITH v. VILLAGE OF LARCHMONT. (Supreme Court, Appellate Division, Second Department. December 10, 1915.) Appeal from Westchester County Court. Action by Mabel Wood Smith against the Village of Larchmont. Judgment for plaintiff, and defendant appeals. Affirmed. See, also, 153 N. Y. Supp. 1145.

PER CURIAM. Judgment and order of the County Court of Westchester County affirmed, with costs.

PUTNAM, J. (dissenting). Under Railroad Law (Consol. Laws, c. 49) § 178, the street railroad company was to keep in permanent repair the portion of the street two feet in width outside the trolley tracks. While the municipality is liable for defects within these lines, it is secondarily answerable, and hence may hold the railroad company for repayment of damages incurred through the company's neglect of its duty. City of Brooklyn v. Brooklyn City R. R. Co., 57 Barb. 497, 47 N. Y. 475, 7 Am. Rep. 469. Plaintiff on cross-examination admitted she had "settled" with the railroad company for $50, but had reserved her right to sue the village. While the writings are not before us, the reference plainly is to the statutory discharge of one tort-feasor, reserving the cause of action as to the others. Debtor and Creditor Law, § 230; Consol. Laws, ch. 12. The reservation of the right to sue the village, I think, imports a written instrument. Walsh v. N. Y. C. & H. R. R. R. Co., 204 N. Y. 58, 97 N. E. 408, 37 L. R. A. (N. S.) 1137, does not govern the disposition of this appeal, in my view. In the Walsh Case, defendant sought to raise the inference that by the word "settled" plaintiff had released and extinguished the entire cause of action. An artificial rule was invoked, without the premise to sustain it. But here we are taking plaintiff's own words in their natural and common meaning. She took $50 from the railroad, and let it out, and kept her cause of

action (so far as she could) against the village. But if by statute the railroad is made the primary offender, bound in the first instance to repair such a hole, obviously plaintiff could not let the railroad out and seek redress against the village. I fail to see any force in the point that this defense was not pleaded, when the facts were unqualifiedly admitted on the trial by plaintiff's trial counsel. Hence I dissent.