## FIRST DEPARTMENT, DECEMBER, 1956

### (December 4, 1956)

THOMAS F. O'DOWD, as Surviving Partner of the Copartnership of THOMAS O'DOWD and THOMAS F. O'DOWD, Doing Business under the Name of O'DOWD ENGINEERING Co., Respondent-Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant-Respondent, and KELVIN ENGINEERING CO., INC., Defendant-Respondent.

* Not published with other decisions of September 19, 1956, ante, p. 827. – [REP.

* * Not published with other decisions of October 31, 1956, ante, p. 867.— [REP.

*Per Curiam.*  Plaintiff, general contractor, brought this action, on a liability insurance policy, to require the defendant insurance company to satisfy a judgment on a cross complaint. The cross judgment was obtained by the New York City Housing Authority against plaintiff, as general contractor, in a negligence action brought by an infant to recover for personal injuries. Both the general contractor and the Housing Authority were defendants in the action brought by the infant. Plaintiff general contractor, in this action, was granted summary judgment, except as to the counsel fees, for the sum which the Housing Authority had recovered from the plaintiff. Both sides appeal.

While the decision by the trial court in the original action granted the cross judgment on the contract between the Housing Authority and the general contractor, this did not preclude the existence of liability independent of the express contract. It is conceded, that if the Housing Authority's recovery over could have been based on a common-law right of indemnification (arising from the fact that the general contractor was primarily at fault) the defendant insurance company would be obligated under the liability policy to pay the cross judgment. It is also conceded that if plaintiff had been obligated to pay the full judgment in the first instance, the insurance company would be required to pay the full amount. On the motion for summary judgment in this action, there was opportunity and duty to develop the facts as to such liability based on the common-law right of indemnification. Plaintiff asserted in his affidavit that the injuries to the infant in the negligence action were sustained at the site of the work being performed by the plaintiff as general contractor pursuant to his contract with the Housing Authority. The inference, drawn from the facts, that plaintiff as the general contractor was primarily at fault, was not met by any showing of evidentiary facts in defendant's papers in opposition. Thus, defendant insurer did not show that the Housing Authority exercised any affirmative responsibility with respect to the work at the site.

Consequently, the principal recovery should be affirmed, but the judgment should be modified to include the counsel fees. The common-law right of indemnification against the party primarily at fault, includes costs, expenses, and attorneys' fees incurred in the suit brought by the injured party. (*Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354, affd. 185 N. Y. 580; *City of Brooklyn* v. *Brooklyn City R. R. Co.,* 57 Barb. 497, affd. 47 N. Y. 475; cf. *Wanamaker* v. *Otis Elevator Co.,* 186 App. Div. 655, mod. on other grounds, 228 N. Y. 192; 42 C. J. S., Indemnity, § 24.)

The order and judgment appealed from should be modified by adding to the recovery the amount of the attorneys' fees, and interest thereon, and otherwise affirmed, with costs to the plaintiff-respondent-appellant. Settle order on notice.

Peck, P. J., Breitel, Cox, Frank and Valente, JJ., concur.

Order and judgment unanimously modified by adding to the recovery the amount of the attorneys' fees, and interest thereon, and otherwise affirmed, with costs to the plaintiff-respondent-appellant. Settle order on notice.