Froessel, J.
Plaintiff and defendant-respondent are general contractors. They entered into a contract with the New York City Housing Authority (hereinafter called the Authority) to perform certain improvements at the Jacob Biis Houses in New York City. In connection therewith, they procured from appellant insurer’s predecessor a liability insurance policy which provided that the insurer would “ pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages ” (emphasis supplied). The policy excluded “ liability assumed by the insured under any contract or agreement ”.
In a negligence action which an infant and her parent (hereinafter called the Wintersteins) brought against the contractors and the Authority, it was claimed that the infant sustained personal injuries at the site of the work when a concrete pipe rolled on her hand and crushed it, and that both the contractors and the Authority were responsible for negligent acts. The latter served a cross complaint on the contractors alleging a contract of indemnity. Thereafter, the insurance company advised the contractors that the policy did not cover any contractual liability the insured might have to the Authority under the latter’s cross complaint, and suggested that they obtain an attorney to associate with the insurer’s attorney in order to fully protect their interests.
The negligence action resulted in a judgment based on a verdict for plaintiffs against the contractors and the Authority, which was reduced on plaintiffs’ consent; in the same action the trial court granted judgment over to the Authority against the contractors upon their contract of indemnity. The Winter-steins obtained full satisfaction of their judgment from the Authority, and the insurer reimbursed the Authority for one half the amount, denying further liability under the policy.
The present action was then commenced in which the insured O’Dowd seeks (1) damages against the insurer for breach of contract in failing to pay the full amount of the judgment; (2) a declaration of the rights of said insured under the policy, and if it does not grant coverage in this situation, reformation of its terms so as to provide for coverage. A motion for summary judgment by the insured was granted by Special Term on the ground that the policy’s terms obligated the insurer to pay the full amount of the judgment, since the Winterstein action *352 had in effect determined that the contractors were actively negligent and the Authority merely passively negligent.
The Appellate Division stated that while the trial court in the original action granted the cross judgment “ on the contract ”, this did not preclude the existence of liability independent of the contract; that on the motion for summary judgment there was opportunity and duty to develop the facts in that respect, and that the ‘ ‘ inference, drawn from the facts, that plaintiff as the general contractor was primarily at fault, was not met by any showing of evidentiary facts in defendant’s papers in opposition ”. Proceeding on the inference that there was a common-law right of indemnity, the Appellate Division unanimously modified the judgment and order below so as to include counsel fees awarded to the Authority in its cross judgment against the contractors.
Resolution of the present controversy is dependent upon a determination of the degrees of culpability in the conduct of the contractors and the Authority as a result of which the Winter-stein child sustained her injuries. Thus the problem is essentially whether, upon the record now before us, the contractors and the Authority were in pari delicto or whether the former were actively negligent and the Authority merely passively negligent.
If the contractors and the Authority were in pari delicto, then they would have been joint tort-feasors, and when the Authority satisfied the entire judgment it would have had a right of contribution for only half of that judgment against the contractors (Civ. Prac. Act, § 211-a). However, because of the contract of indemnity, the Authority had a right to recover over against them, not half of the judgment, but the full amount. Liability in the latter event for the second half of the judgment would not be based upon acts of the contractors in connection with the performance of their work at the construction site, but would be contractual liability expressly excluded from their policy’s coverage.
If, however, the contractors were actively negligent, and the Authority merely passively negligent, then the Authority would have had a common-law right of indemnity against the contractors regardless of its contract (e.g., McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 330-331; Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Schwartz *353 v. Merola Bros. Constr. Corp., 290 N. Y. 145, 155; Scott v. Curtis, 195 N. Y. 424, 428; Phoenix Bridge Co. v. Creem, 102 App. Div. 354, affd. 185 N. Y. 580). In this situation the contractors would have ultimately been liable for the full amount' of the Winterstein judgment, and thus liable to the Authority for any sums it paid pursuant to that judgment.
The fact that the actual judgment over in the Winterstein case was expressly based upon a contract of indemnity, as was pointed out by the Appellate Division, does not preclude the existence also of a common-law right of indemnity between the tort-feasors. The extent of the insurer’s liability being determined by the facts existing at the time of the accident (Stonborough v. Preferred Acc. Ins. Co., 292 N. Y. 154, 155), the fact that the Wintersteins obtained satisfaction of their judgment against one rather than the other of the tort-feasors, and that the claimed outstanding obligation of the contractors is one of common-law indemnity to the Authority rather than tort liability to the Wintersteins, is here irrelevant (United States Fidelity & Guar. Co. v. Virginia Eng. Co., 213 F. 2d 109, and cases cited therein; 5 Couch’s Cyclopedia of Insurance Law, § 1165b, pp. 4136-4137; see Creem v. Fidelity & Cas. Co. of N. Y., 141 App. Div. 493, 496, mod. on other grounds 206 N. Y. 733).
In the instant case, the issue of the relative degrees of culpability of the contractors and the Authority has never been litigated. This clearly distinguishes the case from United States Fidelity & Guar. Co. v. Virginia Eng. Co. (supra) and Board of Trade Livery Co. v. Georgia Cas. Co. (160 Minn. 490) relied on by the insured. In the Winterstein action, all that was necessarily determined was that all defendants there were negligent; and on the cross claim the only decision was that the contractors were, by virtue of the contract, required to indemnify the Authority for the full amount of their payments in satisfaction of the Winterstein judgment, and the Authority’s counsel fees. All of these previous determinations are as consistent with the theory that the contractors and the Authority are joint tort-feasors as they are with the theory that the contractors were actively negligent.
The record before us contains none of the pleadings or other papers in the Winterstein action, and no indication as to the evidence presented at the trial. The opinion by the Trial Justice dealing with the cross claim in that action does not review the *354 facts of the case. The only statements in the papers before us dealing with this matter are merely of a conclusory nature.
Even were we to consider the transcript of the charge in the Winterstein action submitted by the insured on the argument (People v. Continental Cas. Co., 301 N. Y. 79, 82; Rossbach v. Rosenblum, 260 App. Div. 206, 210, affd. 284 N. Y. 745), this record without the minutes is an inadequate one upon which to found a determination of the question of allocation of fault between the contractors and the Authority. The transcript of the charge does not “ discuss the evidence in any great detail”. We cannot tell from the record whether or not the Authority exercised any control over the work done on its premises, or whether it had actual notice of the dangerous condition and permitted its continuance (Sheffield v. Yager, 287 N. Y. 604; Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204; Restatement, Restitution, § 95; Tipaldi v. Riverside Mem. Chapel, 298 N. Y. 685, supra; Falk v. Crystal Hall, 200 Misc. 979, affd. 279 App. Div. 1073, motion for leave to appeal denied 304 N. Y. 987).
The insured in its complaint and affidavit in this action did not base the claim for relief upon the contention that it was actively negligent in the Winterstein accident, and did not state facts bearing upon that issue. Thus the insurer, in its answering papers, only sought to show that the issue had not been determined previously, but did state that under the circumstances the parties in the prior action were joint tort-feasors. The burden was upon the insured to establish that the claim came under the terms of the policy (Lavine v. Indemnity Ins. Co., 260 N. Y. 339). In order to sustain this burden, he had to show that the contractors were the active wrongdoers in the Winterstein accident. On the present record it cannot be said that the insured had sustained this burden.
The question of the comparative culpabilities of tort-feasors has recently been said by us to involve questions of fact (Harrington v. 615 West Corp., 2 N Y 2d 476; McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 328, supra; see People v. City of Binghamton, 1 A D 2d 308, 312; Employers’ Liability Assur. Corp. v. Post & McCord, 286 N. Y. 254 [a case where there was a separate trial on the issue of active and passive negligence]). In the instant action there appear to be such unresolved questions, and therefore the granting of summary judgment was improper.
*355 The insured also argues that the insurer is estopped to deny liability under its policy since it undertook the defense of both the action by the Wintersteins against the contractors and the Authority and the cross claim by the Authority against the contractors. It is clear that when an insurer defends an action on behalf of an insured, in his stead, with knowledge of facts constituting a defense to the coverage of the policy, it is thereafter estopped from asserting that the policy does not cover the claim (Moore Constr. Co. v. United States Fidelity & Guar. Co., 293 N. Y. 119; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51, 57; Rosenwasser v. Globe Ind. Co., 224 N. Y. 561; 269 Canal St. Corp. v. Zurich Gen. Acc. & Liability Ins. Co., 252 N. Y. 603; 8 Appleman on Insurance Law and Practice, § 4692; Ann. 38 A. L. R. 2d 1148, 1151; see Cardinal v. State of New York, 304 N. Y. 400, 411, cert. denied 345 U. S. 918). However, it is also well established that an insurer may, by timely notice to the insured, reserve its right to claim that the policy does not cover the situation at issue, while defending the action (Moore Constr. Co. v. United States Fidelity & Guar. Co., 293 N. Y. 119, 125, supra; Knauss, Inc., v. Indemnity Ins. Co., 270 N. Y. 211, 215, 216; Jewtraw v. Hartford Acc. & Ind. Co., 280 App. Div. 150, 154; 8 Appleman on Insurance Law and Practice, § 4694; Ann. 38 A. L. R. 2d 1148, 1161-1170).
Since the insurer’s disclaimer of liability under the policy was first made nearly two years before the trial and again very definitely fully five months before the trial, and since the insured was given a full opportunity to join in the defense of the action, it may not be said as a matter of law that the insurer should be estopped from denying coverage of the policy, in the absence of a showing that the delay in notification prejudiced the rights of the insured (Lavine v. Indemnity Ins. Co., 260 N. Y. 399, 409, supra; Knauss, Inc., v. Indemnity Ins. Co., 270 N. Y. 211, 216, supra; Gordon v. Massachusetts Bonding & Ins. Co., 229 N. Y. 424, 435; Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co. of N. Y., 269 App. Div. 31). Thus this issue as the one previously considered cannot be resolved on a motion for summary judgment.
If on a trial, and aside from the question of estoppel, it should develop that the Authority was in pari delicto with the contractors, the insurer would not be liable for more than half the judgment; if, however, it should be determined that said *356 parties were not in pari delicto because the contractors were the active wrongdoers, the insurer would be liable for the balance of the judgment.
A final point to be noted is that the insured in his second cause of action, in addition to requesting a declaration of his rights, sought to have the policy reformed so as to cover the full amount of the Winterstein judgment if its terms did not so provide. In his bill of particulars he stated “ that the policy does not require reformation ”. The Special Term judgment provides: “ it is unnecessary to reform the aforesaid policy ”. It would appear that plaintiff has abandoned this claim, but we may leave it for the trial court to dispose of finally.
Accordingly, since triable issues are presented, the judgments of the Appellate Division and Special Term should be reversed and the motion for summary judgment denied, with costs to abide the event.
Conway, Ch. J., Desmond, Dye, Ftjld, Van Voorhis and Burke, JJ., concur.
Judgment reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein, with costs to abide the event.