■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v METROPOLITAN SHEET METAL WORKS, INC., Respondent, et al., Defendants.—In an action, *inter alia,* to declare that defendant Metropolitan Sheet Metal Works, Inc., the insured, failed to give plaintiff, the insurer, proper and timely notice of a certain accident, plaintiff appeals from an order of the Supreme Court, Kings County, dated April 27, 1976, which, *inter alia,* granted the said insured's motion for summary judgment. The appeal brings up for review a judgment of the same court, entered May 3, 1976, pursuant to such order. Order and judgment reversed, on the law, without costs or disbursements, and motion for summary judgment denied. Special Term erred in holding, *inter alia,* that plaintiff, in failing to invite or request its insured to participate in the underlying action in which the insured was a defendant, was estopped from denying coverage on the ground that it received late notice of the claim. While it may be true that plaintiff did not specifically invite or request the insured to participate (see *Caprari v Hartford Acc. & Ind. Co.,* 69 Misc 2d 354), the record reveals that the insured's attorney was aware for a long time that the insurer had reserved a right to disclaim and had also commenced the instant declaratory judgment action for a determination of the issue. Whether such facts demonstrate that the insured had an opportunity to participate in the defense of the underlying action, and actually participated therein, are questions which should be resolved by the

trier of the facts after a full trial (see *O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347, 355). We do not reach the issue of whether, under the circumstances, the notice given by the insured to plaintiff 11 months after the accident was timely. The insured explicitly limited the within motion to the estoppel question and, as a consequence, plaintiff did not address the issue of the timeliness of the notice in its answering papers. Hopkins, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.