■ WALTER OWENS et al., Respondents-Appellants, v PALM TREE NURSING HOME, INC., et al., Defendants, and PATENT SCAFFOLDING Co., INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. RALPH PERRI, INC., Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries, etc., plaintiffs and defendant third-party plaintiff Patent Scaffolding Co. cross-appeal from (1) an order of the Supreme Court, Kings County (Bellard, J.), dated December 22, 1980, which (a) denied plaintiffs' posttrial motion for a new trial, and (b) denied defendant Patent's posttrial motion for an order (i) holding that plaintiff Walter Owens was contributorily negligent and assumed the risk as a matter of law, and (ii) awarding Patent, under its third-party claim for contractual indemnification against Ralph Perri, Inc., expenses, including reasonable attorneys' fees incurred in the action, and (2) a judgment of the same court, dated April 3, 1981, which dismissed plaintiffs' complaint, Patent's third-party complaint against Ralph Perri, Inc., and all cross claims, upon a jury verdict. Cross appeals from the order dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment modified, on the law, by reinstating the first, third and fourth causes of action of plaintiffs' amended complaint, the third-party complaint against Ralph Perri, Inc., and the cross claims by and between the respective parties. As so modified, judgment affirmed, and a new trial is granted with respect to the reinstated claims, with costs to abide the event. The order dated December 22, 1980 is vacated insofar as it denied plaintiffs' cross motion and said cross motion is granted to the extent indicated. On July 1, 1969 plaintiff Walter Owens, who was an employee of Ralph Perri, Inc. (Perri) fell from a scaffold leased to Perri by defendant Patent Scaffolding Co., Inc. (Patent). He and his wife commenced this action against, *inter alia*, Patent, sounding in negligence, breach of warranty, and strict products liability. Patent in turn commenced a third-party action against Perri for indemnification pursuant to a term of the lease, wherein Perri agreed to indemnify and save Patent harmless "from liability, loss or expense" from injuries to persons or property resulting from Perri's failure to comply with certain terms of the lease, or resulting from Perri's "negligence or the negligence of [Perri's] employees, or otherwise". During the course of the trial of this action, the trial court dismissed plaintiffs' second cause of action, sounding in breach of warranty, on the ground that there was no privity between plaintiff Walter Owens and Patent. Evidence was adduced at trial that the accident was caused by design defects in the scaffold. In its instruction to the jury, the trial court noted that plaintiffs claimed that Patent was liable in strict tort liability, as a result of this alleged design defect, but

did not mention the alleged design defect when explaining the elements of plaintiffs' cause of action sounding in negligence. The trial court also noted that Patent had a duty "to make such inspections and tests as a reasonably careful person in [its] business should recognize as necessary in order to lease out a safe scaffold" and "assum[ed] the responsibility of giving accurate and adequate instructions with respect to the dangers inherent in its use", but did not otherwise relate the law to the facts. The trial court read lengthy statutes and regulations to the jury in their entirety, without redacting those provisions which were inapplicable to this case, and without relating those provisions to the evidence adduced at trial. Further, over objection by plaintiffs, Patent, and Perri, it refused to marshal the evidence. Thereafter, during the course of deliberations, the jury asked whether "a design defect [can] be considered negligence" and the trial court replied "[o]nly in the strict liability part of the case can a design defect be considered". The jury also asked for "a lay definition of the phrase strict liability in tort," and the trial court reiterated its original instruction on strict liability in tort. Thereafter, when the jury asked to "have re-read that portion of the charge which explains the claim of a design defect involved in Owens versus Patent", the trial court reread the definition of strict liability in tort to the jury a third time. The jury found that Patent was not liable, either for negligence or strict liability in tort, and that plaintiff Walter Owens neither assumed the risk, nor was he contributorily negligent. In view of that determination, the jury was not asked to consider Patent's third-party claim against Perri. In posttrial motions, plaintiffs demanded a new trial, and Patent demanded indemnification for the costs, disbursements, and attorneys' fees incurred in these proceedings, and an order "vacating that portion of the jury's verdict which found that plaintiff Walter Owens was free from contributory negligence and had not assumed the risk of his accident and entering a finding notwithstanding the verdict that, as a matter of law, Walter Owens was contributorily negligent and assumed the risk of his accident". In the order appealed from, said motions were denied, and judgment was then entered dismissing plaintiffs' complaint, Patent's third-party complaint, and all the cross claims. Plaintiffs' cause of action for breach of warranty is not governed by article 2 of the Uniform Commercial Code, but, rather, by general contract law (see *Owens v Patent Scaffolding Co.,* 50 AD2d 866). Since there was no privity between Walter Owens and Patent, that cause of action was properly dismissed (see *Martin v Dierck Equip. Co.,* 43 NY2d 583). With respect to the remaining causes of action, there must be a new trial. It is "essential that a charge 'incorporate the factual contentions of the parties in respect of the legal principles charged' " (see *Green v Downs,* 27 NY2d 205, 208). The trial court's instructions to the jury in the instant case were inadequate in that respect. Further, the trial court misstated the law when it instructed the jury that a design defect in the scaffold could not be considered with respect to the question of whether Patent's negligence was a proximate cause of the accident (see *Robinson v Reed Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 481; *Bolm v Triumph Corp.,* 33 NY2d 151, 156). This error cannot be considered harmless or *de minimis,* in light of the jury's obvious confusion with respect to the meaning of strict liability in tort and the general confusion created by the over-all charge. Turning to the third-party complaint, Patent's right to indemnification depends, not on whether Patent was at fault, but whether Perri was at fault. Therefore, at the new trial, it must be determined whether Perri's negligence and/or breach of the terms of the lease, if any, was a proximate cause of the accident. The common-law right of indemnification includes attorneys' fees (see *O'Dowd v American Sur. Co. of N. Y.,* 2 AD2d 956, revd on other grounds 3 NY2d 347), and it does not appear

that the intent of the indemnification provision of the lease was to limit Patent's common-law rights in this respect. Therefore, if it is determined that the accident was Perri's fault, in whole or in part, Patent will be entitled to indemnification for "liability, loss or expense" including reasonable attorneys' fees. O'Connor, J. P., Thompson, Neihoff and Rubin, JJ., concur.