**Harold MOORE, Plaintiff,**

v.

**UNITED STATES of America, United States Postal Service, Mark Hortion, Robert May, John Hopkins and Andrew Marino, Defendants.**

**No. CV 84–2314.**

United States District Court,
E.D. New York.

May 17, 1985.

</div>

Bloom & Amrod, Garden City, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty. by William Peterson, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

### I. FACTS

Plaintiff is an employee of the U.S. Postal Service. On August 29, 1979 plaintiff's supervisors suspended plaintiff for seven days without pay, allegedly on the ground that plaintiff had deliberately mishandled certain equipment. Plaintiff's union appealed to the installation head. On December 4, 1979 the installation head affirmed the suspension. On April 9, 1981 the union sent a letter to the Regional Labor Relations Office. The union stated that the union local had sent an appeal to the Regional Office on December 4, 1979. On April 21, 1981 the Regional Office stated that it would accept the appeal for processing but that the Regional Office reserved the right to raise the issue of timeliness. On December 31, 1981 the Regional Office affirmed the suspension, finding both that the appeal was untimely and that the suspension was justified on the merits. The union then appealed, demanding arbitration. On November 1, 1982 the arbitration

hearing was held. On November 16, 1982 the Postal Service withdrew its contention that the proceeding was time-barred. On November 19, 1982 the arbitrator ruled in plaintiff's favor, finding that the suspension was unjustified, and ordering that plaintiff be compensated for lost wages.

Plaintiff filed the instant action May 24, 1984. In the first cause of action, plaintiff alleges that the individual defendant supervisors conspired to interfere with plaintiff's employment by filing false statements and giving false testimony (plaintiff originally named the United States Postal Service as a defendant on this cause of action, but has withdrawn this cause of action as against the Postal Service). In the second cause of action, plaintiff alleges that all defendants violated plaintiff's right to due process under the Fifth Amendment by delaying the hearing. Plaintiff has withdrawn the third, fourth, and fifth causes of action.

## II. DISCUSSION

### A. DUE PROCESS CLAIM AGAINST POSTAL SERVICE

▇▇▇ The first issue is whether the due process claim against the Postal Service is barred by sovereign immunity. We hold that it is. The Due Process Clause of the Fifth Amendment does not create a cause of action for money damages against the federal government. *Duarte v. U.S.*, 532 F.2d 850, 852 (2d Cir.1976); *Boyce v. U.S.*, 523 F.Supp. 1012, 1016 (E.D.N.Y.1981) (Neaher, J.). We see nothing in the decision in *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) to the contrary.

### B. DUE PROCESS CLAIM AGAINST INDIVIDUALS

The second issue is whether the complaint states a claim for relief under the Due Process Clause of the Fifth Amendment against the individual defendants. We hold that it does not.

We begin by noting that, had the complaint stated a claim for relief, such claim would not be barred on the ground of failure to exhaust union remedies. Nothing which has been presented to us suggests that there exist union remedies in the form of money damages against individuals alleged to have violated the Due Process Clause.

▇▇▇ Plaintiff acknowledges that mere delay in the processing of a claim will not give rise to a violation of the Due Process Clause. *Polk v. Kramarsky*, 711 F.2d 505, 508–509 (2d Cir.1983). Plaintiff argues, however, that the delay in the processing of plaintiff's case prevented plaintiff from being promoted. However, a federal employee's expectation of promotion does not constitute "property" within the meaning of the Due Process Clause. *Boyce v. U.S.*, 523 F.Supp. 1012, 1017 (E.D.N.Y.1981) (Neaher, J.). Consequently, the complaint does not state a claim against the individual defendants under the Due Process Clause.

Even if the complaint had stated a claim under the Due Process Clause against the individual defendants, we would grant summary judgment to the defendants. The responsibility for sending a notice of appeal from the December 4, 1979 decision to the Regional Office rested upon the union local. The delay which took place between December 4, 1979 and April 21, 1981 could have resulted from error on the part of the union local or the Regional Office, or from papers being lost in the mail. We see no way in which such delay could have resulted from misconduct on the part of the individual defendants.

### C. CONSPIRACY CLAIM AGAINST INDIVIDUALS

▇▇▇ The conspiracy claim against the individual defendants is based upon state law. Dismissal of federal claims does not automatically result in refusal to exercise pendent jurisdiction over related state law claims. *Stamford Bd. of Educ. v. Stamford Educ. Ass'n*, 697 F.2d 70, 72 (2d Cir. 1982). In the process of examining the motion papers, we simultaneously recognized that both the federal and state law

claims should be dismissed. Accordingly, we will exercise pendent jurisdiction over the state law claims for the purpose of dismissing them.

As already explained in our discussion of the due process claim against the individual defendants, delay in the processing of plaintiff's case could not have been caused by the individual defendants. Accordingly, plaintiff can have no relief upon his state law conspiracy claim that defendants delayed his case.

■ With respect to plaintiff's claim that defendants conspired to give false testimony and make false statements, the applicable limitation is clearly the one year limitation for actions for malicious prosecution, libel, and slander provided by N.Y. CPLR § 215(3). *See Morrison v. NBC,* 19 N.Y.2d 453, 280 N.Y.S.2d 641, 227 N.E.2d 572 (1967); *Sacks v. Stewart,* 75 A.D.2d 536, 427 N.Y.S.2d 20, 22–23 (1980). The claim is therefore time-barred.

### III. CONCLUSION

The Clerk shall close the file and enter judgment as follows:

1. The first cause of action is dismissed as against the United States, and the third, fourth, and fifth causes of action are dismissed in their entirety, on the ground that plaintiff concedes that they are barred;

2. The first cause of action is dismissed as against the individual defendants, on the ground that:

(a) the claim for the giving of false testimony and the making of false statements is time-barred;

(b) the other claims in the first cause of action should be dismissed pursuant to Rule 56;

3. The second cause of action is dismissed as against the United States on the ground of sovereign immunity;

4. The second cause of action is dismissed as against the other defendants pursuant to Rules 12(b)(6) and 56.

SO ORDERED.