Deborah J. SCHROER and Peter J. Schroer, Plaintiffs,

v.

Ann CHMURA, M.D., individually and as an agent, officer or employee of the Mid-York Family Health Center, Inc., The Community Memorial Hospital, Hamilton, New York, Defendants.

No. 86–CV–107.

United States District Court, N.D. New York.

May 16, 1986.

942

Thomas C. McCobb, III, Morrisville, N.Y., for plaintiffs.

Hancock & Estabrook, Syracuse, N.Y., for defendant Community Memorial Hosp.; Mark J. Schulte, of counsel.

Capecelatro, Del Buono, Vaughan & Compson, P.C., Utica, N.Y., for defendant Mid-York Family Health Center; Merritt E. Vaughan, of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Edward R. Broton, Asst. U.S. Atty., N.D. N.Y., Syracuse, N.Y., for U.S.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

### Factual and Procedural Background

Deborah J. Schroer, plaintiff in this action, received medical treatment from defendant Dr. Ann Chmura, who was associated with defendant Mid-York Family Health Center, Inc. ["Mid-York"]. Plaintiff was seen by Dr. Chmura for pre-natal and post-natal care, beginning in November 1982 through July 11, 1983. On July 9, 1983 Dr. Chmura performed an episiotomy as part of childbirth. The operation took place in the Community Memorial Hospital, in Hamilton, New York, named as another defendant in this action. Plaintiff was discharged on July 11, 1983.

Plaintiff had a "six week post-partum checkup" on August 25, 1983, performed by Dr. Joseph Chanatry, who is not a party in this suit. In that checkup Dr. Chanatry informed Mrs. Schroer that her anal sphincter had been torn and that surgery would be required to repair it. Dr. Chanatry informed Dr. Chmura of the torn sphincter shortly after the former's examination of the plaintiff. However, plaintiff did not see Dr. Chmura as a patient after July 11, 1983. Plaintiff did see Dr. Chmura several times after July 1983, up to February 1984, but these appointments were only for examination and treatment of plaintiff's newborn daughter.

Plaintiff underwent surgery to repair the laceration and other related complications in September 1984 and June 1985. Dr. Chmura was not involved in these later surgical interventions. Apparently, as a result of these operations, Mrs. Schroer will be able to deliver children only by caesarean section.

Plaintiff states that she was not aware of the extent of her injury until she saw what Dr. Chanatry wrote on the medical insurance claims she filed. "At that time [September 26, 1984] I first realized that my injury was caused by something that Dr. Chmura did wrong. I was not fully aware of the exact technical cause of my injury (breakdown of the episeotomy [sic] repair site) until I reviewed my complete medical file with my attorney in early 1985." Affid. of Deborah J. Schroer, March 7, 1985 at 4.

In January 1986 plaintiff sued the defendants named in this action in the New York Supreme Court, to recover damages caused by alleged medical malpractice. The action was commenced in a timely fashion under New York law, which specifies a two and a half year statute of limitations for medical malpractice actions. This action was removed to the United States District Court by petition dated January 28, 1986 and upon certification of Assistant U.S. Attorney Edward R. Broton, that defendant Dr. Chmura was an employee of the National Health Service Corps at the

time the alleged malpractice occurred. Since the National Health Service Corps is a federal agency, the federal government moved to substitute the United States as a party in the stead of Dr. Chmura. The government also moved to dismiss the action against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

As a result of the government's showing a Department of Health and Human Services earnings and leave statement, counsel for plaintiff conceded that Dr. Chmura was a federal employee at the time the alleged malpractice occurred. Accordingly, plaintiffs conceded that the real party in interest was the United States, and that the United States should be substituted as a party in the stead of Dr. Chmura.

Defendants Mid-York and Community Memorial Hospital asserted cross claims against Dr. Chmura for contribution and indemnity. Based on those claims, Community Memorial Hospital requests that the court exercise jurisdiction over the case even if the plaintiffs' claim against Dr. Chmura and/or the United States were dismissed.

### Discussion

1. Dismissal of the Action Against the United States

■ Since Dr. Chmura was a federal employee at the time the alleged malpractice occurred, the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2671–2680 (1982), applies. Under the FTCA a person may not commence a tort action in court against the United States unless that person first presented a claim to the appropriate federal agency. 28 U.S.C. § 2675(a). This claim must be presented to the federal agency within two years of the date on which the claim accrued. 28 U.S.C. § 2401(b). The requirement of filing a claim prior to commencing suit is a jurisdictional prerequisite to a federal court action. *See Lien v. Beehner,* 453 F.Supp. 604, 605 (N.D.N.Y. 1978). The United States argues that this action must be dismissed because of plaintiffs' failure to file a claim within the two year statute of limitations.

■ The statute of limitations begins to run once the victim knows or has reason to know of both the injury and the cause of the injury. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The victim need not know that the cause of the injury was negligence, but the statute of limitations begins to run if the cause of the injury was known and further inquiry would have led to discovery of the negligence. *Barrett v. United States,* 689 F.2d 324, 328–29 (2d Cir.1982).

■ Mrs. Schroer knew of the injury on August 25, 1983, the date of her first appointment with Dr. Chanatry. Once a victim knows of the injury and of the cause of the injury, the burden is on the victim to inquire further and discover that a defendant's fault was a cause of the harm. *See Barrett, supra* at 328–29. Although at the time plaintiff knew of her injury she was not fully aware of the "technical cause" of her injury, she knew that her injury was related to childbirth and that Dr. Chmura was responsible for the delivery. Further inquiry at that time, under the rule in *Barrett,* would have led her to discover that Dr. Chmura's fault was arguably a cause of her injury.

Defendants were served with process on January 7, 1986, two years and five months after plaintiffs knew or had reason to know of the cause of the injury. At this time plaintiffs cannot fulfill the requirements of § 2401(b). The action against the United States must be dismissed because this court lacks jurisdiction.

2. Jurisdiction Over Cross-Claims

■ Community Memorial Hospital requests that this court exercise jurisdiction over the cross-claims it has filed against Dr. Chmura. Community Memorial Hospital refers to *Stamford Board of Education v. Stamford Education Association,* 697 F.2d 70 (2d Cir.1982), where the district court exercised jurisdiction over a claim based on state law after the main

federal claims had been settled before trial. *Id.* at 72. The court in *Stamford* retained jurisdiction because, among other reasons, both the parties and the district judge had already devoted considerable time on the remaining issues. *Id.* In the present case proceedings have not progressed far beyond the initial pleadings and discovery has barely begun. Upon dismissal of plaintiffs' claims against the United States, no federal claims remain in this action. The court declines to exercise jurisdiction over the remaining state claims.

For the foregoing reasons the motion by the United States to dismiss under Rule 12(b)(1) is granted; the motion by Community Memorial Hospital for the court to exercise jurisdiction is denied; and plaintiffs' action against Mid-York and Community Memorial Hospital is remanded to state court.

IT IS SO ORDERED.