Howard GREENWALD, Plaintiff,

v.

AMERICAN MEDCARE CORPORATION, Rudolph F. Bono, Edward J. Larkin, John M. Spanakos, Joseph P. O'Connor, S.B. Cantor & Co., Inc., and Centennial State Securities, Inc., Defendants.

John M. SPANAKOS and Rudolph F. Bono, Third-Party Plaintiffs,

v.

Caryl B. ROSSNER and John L. Milling, Third-Party Defendants.

No. 84 CIV. 3583 (PKL).

United States District Court, S.D. New York.

July 16, 1987.

Davis, Markel & Edwards, New York City (Steven M. Edwards, of counsel), for defendant Spanakos.

Wormser, Kiely, Alessandroni, Hyde & McCann, New York City (Lawrence M. McKenna, of counsel), for defendant Bono.

Maione & Collins, New York City (Louis J. Maione, of counsel), for third-party defendant Rossner.

## OPINION & ORDER

LEISURE, District Judge:

This class action was commenced in May, 1984, on behalf of purchasers of shares of

defendant American Medcare Corporation ("AMC") in a public offering pursuant to an allegedly fraudulent registration statement effective in May, 1983. Jurisdiction was premised on the Securities Act of 1933, the Securities Exchange Act of 1934 and, as to one count of the complaint alleging common law fraud, principles of pendent jurisdiction.

After discovery and extensive negotiations, the parties, in November, 1985, entered into a stipulation of settlement, which settlement was approved by the Court by order and judgment dated January 15, 1986, and has since been effected through the distribution of cash and AMC stock to class members. Defendant Spanakos did not contribute any consideration to the settlement.

In August, 1985, defendant John M. Spanakos ("Spanakos"), in his answer to the Amended and Supplemented Complaint, asserted cross-claims against all of the other defendants and filed a third-party complaint against Caryl B. Rossner ("Rossner"), a former officer and director of AMC, and John L. Milling, Esq., the attorney who represented AMC in connection with the preparation of the registration statement. In the cross-claims, Spanakos demands:

(a) a judgment against the other defendants and third-party defendants awarding him contribution with respect to any judgment rendered against him in this action;

(b) a judgment against the other defendants and third-party defendants awarding him indemnification with respect to any judgment rendered against him in this action, including payment of his costs and reasonable attorney's fees for defending this action;

(c) a judgment against the other defendants and third-party defendants awarding him damages in the amount of any judgment rendered against him in this action, as well as payment of his costs and reasonable attorney's fees for defending this action and punitive damages in an amount to be determined by the jury;

(d) a judgment against AMC awarding him indemnification with respect to any judgment rendered against him in this action, including payment of his costs and reasonable attorney's fees for defending this action; and

(f) [sic] such other and further relief as the Court deems just and proper.

Answer and Cross-Claims at 15–16. An amended third-party complaint, which was filed on November 22, 1985 (the "Amended Third-Party Complaint"), also seeks contribution and/or indemnification of legal fees. Defendant Rudolph F. Bono ("Bono") answered Spanakos' cross-claims on September 6, 1985, denying that Spanakos was entitled to the relief demanded. On or about April 28, 1986, Rossner entered into a stipulation with defendant Spanakos as to the third-party action and, as a result thereof, has not filed an answer.

Bono and Rossner have moved to dismiss Spanakos' claims against them. Bono argues that Spanakos' cross-claims should be dismissed, pursuant to Fed.R.Civ.P. 12(h)(3), for lack of subject matter jurisdiction. Rossner argues that Spanakos' Amended Third-Party Complaint should also be dismissed for lack of subject matter jurisdiction. In addition, Rossner argues that the claims against her should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Rossner has also moved for sanctions pursuant to Fed.R.Civ.P. 11. Spanakos opposes these motions in all respects and moves, pursuant to Fed.R.Civ.P. 15(a), for leave to amend his cross-claims against Bono.

### Ancillary Jurisdiction

A federal court may exercise ancillary jurisdiction if (1) the main federal claim and the ancillary claims arise out of " 'a common nucleus of operative facts' " and (2) the court, in its discretion, determines that "the policies of 'judicial economy, convenience, and fairness to litigants' are furthered by the assumption of jurisdiction." *Stamford Board of Education v. Stamford Education Association*, 697 F.2d 70, 72 (2d Cir.1982). It is clear in this

case that the main claim, cross-claims and third-party claims arise out of a common nucleus of operative facts, *i.e.*, the facts and circumstances surrounding the 1983 AMC public offering.

Bono and Rossner argue that the Court should decline jurisdiction since the main action by plaintiff Howard Greenwald has been dismissed pursuant to the settlement agreement. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–40, 16 L.Ed.2d 218 (1966). In *Gibbs,* Justice Brennan noted that if the federal claims that provided the only jurisdictional basis for the pendent state claims are dismissed before trial, "the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139 (footnote omitted). It is well-established, however, that there is no "inflexible rule which mandates automatic dismissal of all incidental claims following settlement or some subsequent event...." *Stamford Board of Education,* 697 F.2d 70, 72 n. 3 (citation omitted). Rather, the Court must "look to the policies underlying incidental jurisdiction to determine the existence of such jurisdiction...." *Id.* (citation omitted). *See, e.g., Schroer v. Chmura,* 634 F.Supp. 941, 943–44 (N.D.N.Y. 1986); *Moore v. United States,* 609 F.Supp. 682, 684–85 (E.D.N.Y.1985); *Mercurio v. City of New York,* 592 F.Supp. 1243, 1245 (E.D.N.Y.1984), *aff'd,* 758 F.2d 862 (2d Cir. 1985); *Hunt v. Mobil Oil Corp.,* 557 F.Supp. 368, 372–73 (S.D.N.Y.), *aff'd,* 742 F.2d 1438 (2d Cir.1983). In this case, the resolution of Spanakos' cross-claims and third-party claims involves significant federal law issues. *See Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139–40. Moreover, the Court is somewhat familiar with this case and substantial discovery has taken place. Although Spanakos apparently requires further discovery, this is partially a consequence of his agreement to defer discovery while settlement negotiations took place. Accordingly, the Court concludes that "[i]t would neither be wise judicial administration nor fair to the parties to dismiss the indemnification claim now and force the parties to begin litigation of [it] all over again in state court." *Stamford,* 697 F.2d at 72.

*Amended Pleadings*

■ Spanakos seeks leave to amend his cross-claims to conform to the Amended Third-Party Complaint. This primarily involves the addition of a RICO claim for securities fraud.

Fed.R.Civ.P. 15(a) "sets forth a policy in favor of granting leave to amend, stating that 'leave shall be freely given when justice so requires.'" *Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240, 243 (2d Cir.1987). "The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." *Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau,* 786 F.2d 101, 103 (2d Cir.1986) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendment of a complaint enables a party "'to assert matters that were overlooked or were unknown ... at the time ... [of the] original complaint or answer.'" *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 703 (2d Cir. 1985) (quoting 6 C. Wright and A. Miller, Federal Practice and Procedure § 1473 (1971)), *cert. denied,* —— U.S. ——, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986).

Bono has not offered any showing of prejudice resulting from the proposed amendment. Moreover, the Court cannot conceive of any significant potential prejudice because the proposed amendment is based on the same facts and circumstances as the original cross-claims, and the cross-claim defendants will be permitted any discovery they need to defend. *See Trade Development Bank v. Continental Insurance Co.,* 469 F.2d 35, 46 (2d Cir.1972). In addition, the Court finds that while the amendment may have been proposed for strategic reasons, *see* Exh. B to Affidavit of Louis J. Maione, Esq., sworn to on January 23, 1987, Spanakos has not acted in bad faith. Accordingly, Spanakos' motion for

leave to amend his cross-claims is hereby granted.[1]

### Rule 12(b)(6) Motions

Rossner asserts that Spanakos' claims should be dismissed, pursuant to Fed.R. Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. *See* Rossner's Memorandum of Law at 10–14; Rossner's Reply Memorandum at 3–7. Spanakos asserts that his claim for indemnification arises under federal common law insofar as it is derivative of the federal securities claims in plaintiff Greenwald's action and arises under New York law insofar as it is derivative of the common law fraud claim in that action. *See* Spanakos' Memorandum of Law at 15, 17 n. 2.

Rossner argues that Spanakos' indemnification claims are moot. *See* Rossner's Reply Memorandum of Law at 3–5. This assertion is unfounded. Spanakos' indemnification claims are based on the common law principle that an active wrongdoer must indemnify someone who is, at most, only passively at fault. *See, e.g., O'Dowd v. American Surety Co.,* 2 A.D.2d 956, 157 N.Y.S.2d 182, 184 (App.Div.1956), *rev'd on other grounds,* 3 N.Y.2d 347, 165 N.Y.S.2d 458, 461, 144 N.E.2d 359, 361 (1957). Such a claim includes reasonable attorneys' fees. *See, e.g., Owens v. Palm Tree Nursing Home, Inc.,* 89 A.D.2d 619, 452 N.Y.S.2d 670, 673 (App.Div.1982). A right to indemnification of litigation expenses survives a settlement, even if the party seeking indemnification did not contribute to the settlement. *Pullman Standard, Inc. v. Abex Corp.,* 693 S.W.2d 336, 338 (Tenn.1985).

■ Rossner also argues that § 145 of the Delaware General Corporation Law provides the exclusive means by which Spanakos can seek indemnification, and that the Delaware statute provides only for indemnification by the corporation. Ross-ner's Memorandum of Law at 10–11; Rossner's Reply Memorandum of Law at 6–7. The statute, however, states that it "shall not be deemed exclusive of any other rights" to indemnification "under any by-law, agreement, vote of stockholders or disinterested directors or otherwise...." Del.Gen.Corp.L. § 145(f). *See Mooney v. Willys-Overland Motors, Inc.,* 204 F.2d 888, 896 (3d Cir.1953) (statute not controlling of "every conceivable situation" of indemnity). The Court concludes that the statute does not prevent a director from pursuing a common law right for indemnification from other directors who were active wrongdoers.

■ Rossner also argues that public policy considerations under the federal securities laws preclude Spanakos' claim for indemnification. Rossner's Memorandum of Law at 11–12; Rossner's Reply Memorandum of Law at 5–6. Rossner is correct that no party who has himself knowingly and wilfully violated the federal securities laws may obtain indemnity from another violator of those laws. *See, e.g., Globus v. Law Research Service, Inc.,* 287 F.Supp. 188, 199 (S.D.N.Y.1968), *aff'd in pertinent part,* 418 F.2d 1276, 1288–89 (2d Cir.1969), *cert. denied,* 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). Spanakos, however, claims that he was totally without fault and did not himself violate the federal securities laws. *See* Spanakos' Memorandum of Law at 16. Under Rule 12(b)(6), an action must not be dismissed " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Meyer v. Oppenheimer Management Corp.,* 764 F.2d 76, 80 (2d Cir.1985) (citations omitted). Accordingly, Spanakos is entitled to an opportunity to prove that he was without fault and is therefore entitled to indemnity. *See, e.g., Goldstein v. Alodex Corp.,* 409

---

1. Rossner suggests that Spanakos' original third-party complaint was improperly served because it was not filed, pursuant to Fed.R.Civ.P. 14(a), within 10 days of service of his original answer. Rossner's Memorandum of Law at 3. This suggestion is erroneous. In a stipulation and order filed on July 24, 1985, all defendants received leave to serve and file cross-claims and third-party claims. Spanakos' original third-party complaint was filed pursuant to this stipulation and order on August 19, 1985. It is also clear that the Amended Third-Party Complaint was properly served. Since Rossner had not answered the original third-party complaint, Bono could "amend his pleading once as a matter of course at any time before a responsive pleading [was] served...." *See* Fed.R.Civ.P. 15(a).

F.Supp. 1201, 1205–06 (E.D.Pa.1976); *Koch Industries, Inc. v. Vosko*, 494 F.2d 713, 725 (10th Cir.1974); *Gould v. American-Hawaiian S.S. Co.*, 387 F.Supp. 163, 166–67 & n. 6 (D.Del.1974), *vacated on other grounds*, 535 F.2d 761 (3d Cir.1976).

Finally, Rossner characterizes Spanakos' RICO claims as claims for indemnity which take effect if "Spanakos were found to be liable to plaintiffs." Rossner's Memorandum of Law at 12. As the Amended Third-Party Complaint makes clear, however, the RICO claims are not premised upon recovery by plaintiff Greenwald on the main claim. *See* Amended Third-Party Complaint at 9–15. Rather, they are direct claims premised only on the truth of the allegations in the main action. *Id.* at 9, 13.[2]

### Conclusion

In sum, Spanakos' motion to amend is hereby granted, and Bono's and Rossner's motions to dismiss are hereby denied. In view of the foregoing, Rossner's motion for sanctions is also denied.

SO ORDERED.

---

**2.** Rossner has not addressed, and the Court does not reach, the question of whether Spanakos' RICO claims, as direct claims, fail to state a claim upon which relief can be granted.