■ TAYLOR WINE COMPANY, INC., Respondent-Appellant, v PIPE WELDING SUPPLY CO., INC., Appellant-Respondent and Third-Party Plaintiff-Respondent-Appellant. M.G. INDUSTRIES GAS PRODUCTS, Third-Party Defendant-Respondent; JONES CHEMICALS, INC., Third-Party Defendant-Appellant-Respondent and Fourth-Party Plaintiff-Respondent; C-I-L CORPORATION OF AMERICA, Formerly Known as C.I.L. CHEMICALS, INC., Fourth-Party Defendant-Appellant.—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff seeks damages for economic loss suffered when defective sulfur dioxide supplied by defendant Pipe Welding caused

the development of a "fishy" odor in certain wine and champagne produced by plaintiff, requiring the destruction of that wine and champagne. After a lengthy trial, the jury awarded plaintiff damages in the amount of $408,535.73 and apportioned liability among the parties. Several of the parties have appealed and plaintiff has cross-appealed. Because the court erred in its instruction to the jury, a new trial must be granted.

Plaintiff presented evidence that the sulfur dioxide supplied by Pipe Welding was defective because it contained carbon disulfide. A Federal regulation (27 CFR 240.524, now 27 CFR 24.246) lists those chemicals that may be used in the production, finishing and storage of wines. The regulation also specifies the extent to which, and the purpose for which, each chemical may be used. The regulation does not include carbon disulfide as a permitted chemical. One of the parties requested that the jury be instructed that, if it found that defendant or the third- and fourth-party defendants violated that regulation, it could consider the violation of the regulation as some evidence that the sulfur dioxide was not fit for use in the wine. Prior to summations and again after the instruction was given, third-party defendant Jones Chemicals objected to the jury instruction, contending that the regulation governed only the conduct of winemakers and did not apply to the producers, distributors or suppliers of sulfur dioxide. We agree with that contention. The plain language of the regulation indicates that the regulation applies only to the conduct of proprietors of bonded wine cellars. It has no application to the manufacturers or distributors of sulfur dioxide. Because we cannot discern the effect this erroneous instruction may have had upon the jury's assessment of liability, a new trial is required.

Although it is not necessary to reach the point in light of our disposition, we note that the trial court also erred in denying defendant Pipe Welding's posttrial request for attorney's fees as part of its indemnification claim against the third-party defendants. A claim for common-law indemnification includes attorney's fees as an expense of the defense *(see, Owens v Palm Tree Nursing Home,* 89 AD2d 619; *O'Dowd v American Sur. Co.,* 2 AD2d 956, *revd on other grounds* 3 NY2d 347; *Greenwald v American Medcare Corp.,* 666 F Supp 489, 493).

The issues raised regarding the jury instruction on damages and the jury's apparent disregard of the court's instruction not to reduce its award of damages to plaintiff were not preserved for our review *(see,* CPLR 4110-b; *Marine Midland*

*Bank v Russo Produce Co.,* 50 NY2d 31, 41; *Pagnella v Action For a Better Community,* 57 AD2d 1076). We have reviewed the remaining contentions of the parties and find them to be without merit. (Appeals from Judgment of Supreme Court, Steuben County, Purple, J.—Negligence.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.