**Gilbert GOLDSTEIN et al.**

**v.**

**ALODEX CORPORATION et al.**

**v.**

**HARRIS, KERR, FORSTER & COMPANY.**

**Joseph M. CLEMMER et al.**

**v.**

**ALODEX CORPORATION.**

Civ. A. Nos. 71–1857, 72–1018.

United States District Court, E. D. Pennsylvania.

March 19, 1976.

Aaron M. Fine, Harold E. Kohn, Philadelphia, Pa., for plaintiffs.

Edward J. McIntyre, George J. Miller, Dechert, Price & Rhoads, Philadelphia, Pa,, for defendant Alodex.

Denis V. Brenan, Morgan, Lewis & Bockius, Philadelphia, Pa., Keck, Cushman, Mahin & Cate, Chicago, Ill., for defendant Dykes.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant Paget.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Presently before the Court are the motions of defendants Richard M. Paget and Charles E. Dykes for summary judgment on their cross-claims against defendant Alodex Corporation (Alodex). Both Mr. Paget and Mr. Dykes seek indemnity from Alodex in connection with the reasonable expenses, including attorneys' fees, incurred by them in defending against the plaintiffs' claims in both the *Goldstein* and the *Clemmer* actions. There are no factual disputes in connec-

tion with the motions of Mr. Paget and Mr. Dykes; the only issue is an issue of law as to whether Mr. Paget and Mr. Dykes are entitled to indemnity from Alodex in connection with the reasonable expenses incurred by them in defending the plaintiffs' Securities Act claim. As a matter of law, we find that Mr. Paget and Mr. Dykes are entitled to summary judgment.

The plaintiffs brought these two class actions alleging violations of the Securities Act of 1933, 15 U.S.C. § 77k. The lawsuits alleged that Alodex issued a false and misleading prospectus in connection with a registration statement approved by the Securities and Exchange Commission on March 31, 1971. It was alleged that the registration statement was false and misleading in that Alodex failed to disclose large costs overruns on a number of its construction contracts. Mr. Paget and Mr. Dykes are named as individual defendants, along with the other directors of Alodex, Alodex itself, W. E. Hutton & Company, the lead underwriter, and Harris, Kerr, Forster & Company, Alodex's accountant at the time of the public offering. Mr. Paget and Mr. Dykes were both "outside" directors at the time that the registration statement was issued and the public offering was made. The other directors of Alodex were "insiders", i. e. both directors and officers or employees of the corporation. When the two suits were filed, all the directors, with the excep-

tion of Mr. Paget and Mr. Dykes, were represented by the same counsel, which counsel also represented Alodex itself. However, Mr. Paget and Mr. Dykes obtained their own separate counsel because of their belief that a potential conflict of interest existed on the part of any counsel representing them, Alodex, and the "inside" directors.[1] Discovery proceeded and eventually both the *Goldstein* and *Clemmer* actions were settled. The Court, in a Memorandum and Order dated December 7, 1973, approved the settlement reached by the parties. Pursuant to the agreed upon settlement, neither Mr. Paget nor Mr. Dykes contributed any money to the settlement of the claims and the complaint against them was dismissed with prejudice. The Court approved the payment of attorneys' fees to the plaintiffs' attorneys from the settlement fund in the same Memorandum and Order dated December 7, 1973. Finally, on November 24, 1975, the Court discharged the settlement committee from further duties and ordered the disbursement of the balance of the settlement fund.

During the pendency of this litigation, both Mr. Paget and Mr. Dykes filed cross-claims against Alodex seeking reimbursement from Alodex for reasonable expenses, and attorneys' fees in connection with the defense of the action. These cross-claims were not settled pursuant to the parties' settlement agreement, but were expressly reserved for

---

1. This belief on the part of Mr. Paget and Mr. Dykes that their situation was legally and factually different from that of the corporation and the other inside directors was well founded. Pursuant to 15 U.S.C. § 77k(b)(3), a director is not liable for any misrepresentation made in a registration statement if he sustains his burden of showing that he had, after reasonable investigation, reasonable ground to believe, and did believe, at the time the registration statement became effective, that the statements therein were true and that there was no omission of a material fact required to be stated therein. The law is that an inside director with intimate knowledge of corporate affairs and of particular transactions is expected to make a more complete investigation and to have more extensive knowledge of the facts supporting the statement than is an outside

director, although each must undertake that investigation which a reasonable prudent man in that position would conduct. *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir. 1973); *Feit v. Leasco Data Processing Equipment Corp.*, 332 F.Supp. 544 (S.D.N.Y.1971); *Escott v. BarChris Construction Corp.*, 283 F.Supp. 643 (S.D.N.Y.1968); 15 U.S.C. § 77k(c). As stated in *Feit, supra*:

What constitutes "reasonable investigation" and a "reasonable ground to believe" will vary with the degree of involvement of the individual, his expertise, and his access to the pertinent information and data. What is reasonable for one director may not be reasonable for another by virtue of their different positions.

332 F.2d at 577–578.

future determination by the Court's Order of December 7, 1973.

Mr. Paget and Mr. Dykes allege that under the law of Tennessee (the state of incorporation of Alodex) they are entitled to indemnification for all expenses incurred by them in defending the *Goldstein* and *Clemmer* actions, as provided in the By-Laws of Alodex. They further contend that indemnification by Alodex will not contravene any public policy of the Securities Act of 1933. The defendant Alodex, while stating that it is not opposed in principle to indemnifying either Mr. Paget or Mr. Dykes, has asked the Court to grant the relief requested only if under the By-Laws and charter of Alodex such indemnification is permitted under the law of Tennessee and is not contrary to the public policy expressed in the Securities Act of 1933.[2]

Section 408 of the Tennessee General Corporation Act provides as follows:

(1) A corporation may indemnify any person made . . . a party to a suit . . . whether civil or criminal . . . which any director or officer of the corporation served in any capacity at the request of the corporation, by reason of the fact that he . . . was a director or officer of the corporation . . . against judgments, fines, amounts paid in settlement and reasonable expenses, including attorney fees actually and necessarily incurred as a result of such suit . . . if such director . . acted in good faith for a purpose which he reasonably believed to be in the best interest of the corporation . . . .

(2) The termination of any such civil . . . action . . . by judgment, settlement . . . or its equivalent, shall not in itself create a presumption that any such director or officer did not act in good faith for a purpose which he reasonably believed to be in the best interests of the corpo-

ration or that he had reasonable cause to believe that his conduct was unlawful.[3]

Section 410 of the Tennessee General Corporation Act provides that a court may direct the indemnification of a corporate director:

(1) Notwithstanding the failure of a corporation to provide indemnification, and despite any contrary resolution of the board or of the shareholders . . in the specific case . . . indemnification shall be awarded by a court to the extent authorized under §§ 48–407, 48–408 . . . . Application therefore may be made in every case, either:

(a) In the civil suit or proceeding in which the expenses were incurred or other amounts were paid, or

(b) To a court in a separate proceeding . . . .[4]

The By-Laws of Alodex provide in Article V, Section 2 that:

The Corporation shall indemnify any person made . . . a party to a suit . . . whether civil or criminal . . . which any director or officer of the Corporation serves in any capacity at the request of the Corporation, by reason of the fact that he . . . was a director or officer of the Corporation . . . against judgments, fines, amounts paid in settlement and reasonable expenses, including attorney fees actually and necessarily incurred as a result of such suit . . . if such director or officer acted in good faith for a purpose which he reasonably believed to be in the best interest of the Corporation. . . . The termination of any such civil . . . action . . . by judgment, settlement . . . or its equivalent, shall not in itself create a presumption that any such director or officer did not act in good faith for a purpose which he reasonably believed to be in the best interests of the Cor-

---

2. Answers of Alodex to Cross-Claims of Paget and Dykes.

3. Tenn. Code Ann. § 48–408 (Supp.1975).

4. Tenn. Code Ann. § 48–410 (Supp.1975).

poration or that he had reasonable cause to believe that his conduct was unlawful.

This Court therefore concludes that the statutes of the state of incorporation (Tennessee) permit, and the By-Laws of Alodex direct, the indemnification of a director for reasonable expenses including attorneys' fees where the director is sued by reason of the fact that he was a director of the corporation if the director "acted in good faith for a purpose which he reasonably believed to be in the best interest of the Corporation." Pursuant to the settlement the Court dismissed the plaintiffs' claims against Mr. Paget and Mr. Dykes. Both Mr. Paget and Mr. Dykes allege in their cross-claims against Alodex that they acted in good faith for a purpose which they reasonably believed to be in the best interest of Alodex,[5] and this was admitted by Alodex in its answers to the cross claims.[6] Furthermore, Mr. Paget and Mr. Dykes have both submitted affidavits which establish that they acted in good faith, and their affidavits are uncontradicted. We find, therefore, that Mr. Paget and Mr. Dykes, each of whom were "outside" directors, acted in good faith in signing the registration statement.[7]

Alodex contends that notwithstanding the provisions of the Tennessee statutes and the By-Laws of Alodex indemnification of outside directors violates the public policy of the Securities Act of 1933, 15 U.S.C. § 77k, and indemnification is therefore illegal.[8] In support of their position, Alodex calls the Court's attention to the registration statement which provides:

Insofar as indemnification of officers, directors or controlling persons of the Corporation with respect to liabilities arising under the Securities Act of 1933 may be permitted by these provisions, or otherwise, the Corporation has been advised that in the opinion of the Securities and Exchange Commission such indemnification is against public policy as expressed in said Act and, therefore, unenforceable. If a claim for such indemnification is asserted (other than for the payment by the Corporation of expenses incurred or paid by a director, officer or employee of the Corporation in the successful defense of any action, suit or proceeding) the Corporation will, unless in the opinion of its counsel the question has been settled by controlling precedent, submit the question of enforceability of such indemnification to a court of appropriate jurisdiction and will be governed by the final adjudication of such issue.

Alodex S–I at II–5—II–6.

It is contended by Mr. Paget and Mr. Dykes that they are not seeking indemnification "with respect to liabilities arising under the Securities Act of 1933." It is also argued that their claims come within the language in parenthesis quoted above in that they are claiming "payment by the corporation of expenses incurred or paid by a director . . . in the successful defense" of an action.

In our opinion, it is sufficient for the purpose of this action that we find that it is not against public policy as expressed in the Securities Act of 1933 to reimburse Mr. Paget and Mr. Dykes for their litigation expenses in this case. The law of Tennessee permits indemnification of directors for reasonable litigation expenses, including attorney's fees; the By-Laws of Alodex direct the indemnification of directors for reasonable liti-

---

5. Cross-Claim of Richard M. Paget against Alodex Corporation, ¶ 4; Cross-Claim of Charles E. Dykes against Alodex, ¶ 4.

6. Alodex Corporation's Answer to Defendant Richard M. Paget's Cross-Claim, ¶ 4; Alodex Corporation's Answer to Defendant Charles E. Dykes' Cross-Claim, ¶ 4.

7. There is, of course, no doubt that Mr. Paget and Mr. Dykes, as directors of Alodex at the time the registration statement was signed were proper parties to a suit brought under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, *Kramer v. Scientific Control Corporation,* 365 F.Supp. 780, 791 (E.D.Pa.1973).

8. Alodex Corporation's Answer to Defendant Richard M. Paget's Cross-Claim, ¶ 7, 8, 10; Alodex Corporation's Answer to Defendant Charles E. Dykes' Cross-Claim, ¶ 7, 8, 10.

gation expenses, including attorneys' fees; the defendants admit and the Court has found herein that the directors have acted in good faith in connection with the registration statement, and the directors were not required to contribute to the settlement of the case but on the contrary all claims against them were dismissed with prejudice pursuant to the terms of the settlement.

█ The unopposed affidavits of Mr. Paget and Mr. Dykes have established that they would have had no liability under Section 11 of the Securities Act of 1933. A director is a proper defendant under the Act merely because he either signs a registration statement or is a director at the time that the statement is filed if the statement contains an untrue statement of a material fact or omits to state a material fact required to be stated therein.[9] However, a director is not liable if he sustains his burden of proof by showing that he had, after reasonable investigation, reasonable grounds to believe, and did believe, at the time that a defective registration statement became effective, that the statements therein were true and that there was no omission to state a material fact.[10] On the basis of the unopposed and uncontradicted affidavits submitted by Mr. Paget and Mr. Dykes, the Court has determined that both Mr. Paget and Mr. Dykes, as outside directors, have met their burden and could not therefore have been found liable under the provisions of Section 11 of the Securities Act of 1933.

█ We find that Mr. Paget and Mr. Dykes have established (1) that they conducted a reasonable investigation, i. e., as outside directors they conducted a reasonable and independent verification of the registration statement, and (2) that after such investigation they had reasonable grounds to believe, and did believe, the accuracy of the registration statement.[11] Therefore, in our opinion the indemnifications of Mr. Paget and Mr. Dykes, under the facts of this case, do not contravene the public policy of the Securities Act of 1933.

Both Paget and Dykes ask this Court to order Alodex to reimburse them for the reasonable expenses, including attorneys' fees, incurred by them in defending this action. The Court required the attorneys representing these two outside directors to file affidavits detailing the time consumed by them in the defense of their clients, the attorneys who performed the services, the type of service performed and the hourly billing rate for the attorney performing the service.

Affidavits were filed by Hugh N. Fryer, Esq., a partner in the law firm of Dewey, Ballantine, Bushby, Palmer & Wood in New York, and George P. Williams, III, Esq., a partner in the firm of Schnader, Harrison, Segal & Lewis in Philadelphia, Pennsylvania. The firm of Dewey, Ballantine, Bushby, Palmer & Wood represented Mr. Paget in both the *Goldstein* and *Clemmer* actions and Schnader, Harrison, Segal & Lewis was retained as local counsel for Mr. Paget. The affidavits disclose that attorneys with the firm of Dewey, Ballantine, Bushby, Palmer & Wood expended a total of 310 hours on these cases. The work performed on behalf of Mr. Paget by Dewey, Ballantine, Bushby, Palmer & Wood was done by Charles E. Stewart, Esq. (now a judge of the United States District Court for the Southern District of New York), Hugh N. Fryer, Esq., Kenneth LaVoy, Esq., and Leonard Joseph, Esq., partners with the law firm, and Charles E. D. Jurrist, Esq. and David Goss, Esq., associates with the Dewey firm. George P. Williams, III, Esq. of the firm of Schnader, Harrison,

9. 15 U.S.C. § 77k(a)(1); 15 U.S.C. § 77k(a)(2); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1283 (2d Cir. 1973).

10. 15 U.S.C. § 77k(b)(3). *Feit v. Leasco Data Processing Equipment Corporation*, 332 F.Supp. 544 (S.D.N.Y.1971); *Escott v. Bar-*

*Chris Construction Corp.*, 283 F.Supp. 643 (S.D.N.Y.1968).

11. *Feit v. Leasco Data Processing Equipment Corporation*, 332 F.Supp. 544, 576 (S.D.N.Y. 1971).

Segal & Lewis expended a total of 82 hours as local counsel on behalf of Mr. Paget. Mr. Williams performed most of the work as local counsel for Mr. Paget, although Robert L. Kendall, a partner with the Schnader Firm, expended .30 hours and C. Gary Wynkoop, a firm associate, expended 2.20 hours. These able and experienced trial lawyers expended a total of 394.50 hours. The firm of Dewey, Ballantine, Bushby, Palmer & Wood has billed or intends to bill Mr. Paget $17,525.00 in connection with the legal services rendered in his behalf in the defense of the *Goldstein* and *Clemmer* actions. This results in an average hourly billing rate for the work performed by that firm of approximately $56.00. The firm of Schnader, Harrison, Segal & Lewis has billed or intends to bill Mr. Paget $6,000 for the work it has performed and will perform on behalf of Mr. Paget in these actions. The affidavits reveal that the average hourly billing rate for Mr. Williams for the time which he has expended to date on behalf of Mr. Paget in connection with this litigation is about $67.00. The affidavits also reveal that time spent in this litigation on behalf of Mr. Paget was fairly allocated to discovery, legal research, preparation and review of pleadings, settlement negotiations, general trial preparation and appearances in court. We find that these legal fees, for which Mr. Paget seeks indemnification, are fair and reasonable.

According to the affidavits submitted in support of Mr. Paget's motion for summary judgment, expenses have been incurred by his counsel. The firm of Dewey, Ballantine, Bushby, Palmer & Wood incurred expenses in the amount of $2,025.00, while the firm of Schnader, Harrison, Segal & Lewis incurred expenses in the amount of $228.68. These expenses have been paid by Mr. Paget or will be billed to him. The Court finds that such expenses are fair and reasonable and were necessary in connection with this litigation.

In support of his motion for summary judgment, Mr. Dykes has submitted the affidavit of his counsel, Edward X. Clinton, Esq., a partner in the law firm of Keck, Cushman, Makin & Cate in Chicago, Illinois, and the affidavit of Denis V. Brenan, Esq., a partner in the firm of Morgan, Lewis & Bockius in Philadelphia, Pennsylvania. The firm of Keck, Cushman, Makin & Cate represented Mr. Dykes in both the *Goldstein* and the *Clemmer* actions and Morgan, Lewis & Bockius was retained as local counsel for Mr. Dykes. The affidavits disclose that attorneys with the firm of Keck, Cushman, Makin & Cate expended a total of 344.50 hours on these cases. Edward X. Clinton, Esq. of that firm expended 180.-75 hours; Wesley S. Walton, Esq. 103.50 hours; Clifford C. Pratt, Esq. 46.75 hours; Richard J. Raskin, Esq. 8 hours; Ward Methaler, Esq. 4.50 hours; John A. Jeffries, Esq. .75 hours; and Robert C. Keck .25 hours. Denis Brenan, Esq. of the firm of Morgan, Lewis & Bockius expended a total of 91.90 hours as local counsel on behalf of Mr. Dykes. Mr. Brenan was the only attorney working on the case in the Morgan, Lewis & Bockius firm. These able and experienced trial lawyers expended a total of 436.40 hours. The billing rates for the attorneys with Keck, Cushman, Makin & Cate representing Mr. Dykes range from $20.00 per hour to $55.00 per hour. The affidavits reveal that time spent in this litigation on behalf of Mr. Dykes was fairly allocated to discovery, legal research, preparation and review of pleadings, settlement negotiations, general trial preparation and court appearances. The affidavit of Denis Brenan, Esq., the only attorney with Morgan, Lewis & Bockius who worked on the representation of Mr. Dykes, discloses that the average hourly billing rate charged by him during the four years that these lawsuits have been prosecuted is approximately $42.00 per hour. The fee requested by Mr. Dykes was calculated solely on the basis of the hourly billing rates for these attorneys and totals $17,651.25. We find that the fee for which Mr. Dykes seeks indemnification is fair and reasonable.

According to the affidavits submitted in support of Mr. Dykes' motion for summary judgment, expenses have been in-

curred by counsel representing Mr. Dykes. The firm of Keck, Cushman, Makin & Cate incurred expenses in the amount of $137.78 while the firm of Morgan, Lewis & Bockius incurred expenses in the amount of $98.55. The Court finds that such expenses are fair and reasonable and were necessary in connection with this litigation.

There is no question that the defense of a director in class action securities litigation requires skill and experience. The plaintiffs in these cases were represented by able and experienced trial counsel from the law firm of Harold E. Kohn, P.A. The standing of the Harold Kohn firm in class action litigation is well known and we have previously found that the work of counsel for the class action representative in this case was of high quality. (See Memorandum and Order in these cases dated December 7, 1973.) The defense of an action brought by the Kohn firm requires expertise, experience and diligence. The counsel who represented Mr. Paget and Mr. Dykes in these actions are skilled and experienced trial counsel. This was a complex legal matter. Counsel for Mr. Paget and Mr. Dykes have achieved in this litigation an excellent result for their clients. Their clients were not required to contribute to the settlement paid to the plaintiffs and the complaint against them was dismissed with prejudice.

Accordingly, the following Order is entered.

### ORDER

AND NOW, this 19th day of March 1976, upon consideration of the motion of cross-claimant Richard M. Paget for Summary Judgment, it is hereby ORDERED that the motion is GRANTED and JUDGMENT is hereby entered on Richard M. Paget's cross-claim for indemnity in favor of Richard M. Paget and against defendant Alodex Corporation in the amount of $25,778.68.

It is FURTHER ORDERED, upon consideration of the motion of cross-claimant Charles E. Dykes for summary judg-

ment, that the motion is GRANTED and JUDGMENT is hereby entered on Charles E. Dykes' cross-claim for indemnity in favor of Charles E. Dykes and against defendant Alodex Corporation in the amount of $17,887.58.