**In re FINANCIAL PARTNERS CLASS ACTION LITIGATION.**

No. 82 C 5910.

United States District Court,
N.D. Illinois, E.D.

July 27, 1984.

---

Memorandum

LEIGHTON, District Judge.

Defendants K & S Commodities, Inc. (K & S), and the Chicago Mercantile Exchange (CME) have filed counterclaims against plaintiffs Elizabeth Vaccariello, Richard Winer, and certain unnamed class members. The cause is before the court on plaintiffs' motion to dismiss those counterclaims. For the following reasons, the motion is denied.

█ The gravamen of the counterclaims is that these plaintiffs aided and abetted defendant Robert Serhant in violating the antifraud provisions of the Commodity Exchange Act by knowingly accepting funds stolen from other investors and allocated to their accounts as inducement to refrain from exposing Serhant's allegedly fraudulent activities. In considering the motion to dismiss the counterclaims, the court, of course, is guided by the standard that they should be dismissed for failure to state a claim only if it appears beyond doubt that

no set of facts can proved in their support giving rise to an entitlement to relief. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The first argument raised by plaintiffs is that the counterclaims must be dismissed because plaintiffs' status as "victims" insulates them, as a matter of law, from charges that they aided and abetted Mr. Serhant. This naive characterization misses the point, however; it is obvious that to the extent the allegations in the counterclaims are true these plaintiffs ceased being victims and became victimizers. *Cf. Gerbardi v. United States,* 287 U.S. 112, 119, 53 S.Ct. 35, 36, 77 L.Ed. 206 (1932).

█ Relying on *Hochfelder v. Midwest Stock Exchange,* 503 F.2d 364, 374 (7th Cir.1974), *cert. denied,* 419 U.S. 875, 85 S.Ct. 137, 42 L.Ed.2d 114 (1974), plaintiffs also move for dismissal of the counterclaims on the ground that it is not alleged that they owed the CME and K & S a duty to investigate or disclose. However, a close reading of the standard announced by the Court of Appeals for the Seventh Circuit in *Hochfelder* shows that allegations of the breach of duties to investigate or disclose are not the only averments that will support a claim of aiding and abetting; such a claim also may be premised on allegations that parties, having knowledge of fraud, failed to act due to an improper motive. 503 F.2d at 374. The counterclaims of K & S and the CME easily satisfy this standard, and the court cannot say beyond doubt that they can prove no set of facts in support of their pleadings which will entitle them to relief.

█ Plaintiffs further argue that the counterclaims should be stricken because defendants' allegations fail to satisfy the standard of particularity required by Rule 9(b), Fed.R.Civ.P. The court, however, finds the opposite; the counterclaims comply with Rule 9(b) by providing plaintiffs with fair notice of the allegations against them in a manner that evidences a reasonable belief on the part of defendants that there may be merit to their counterclaims.

*See Baselski, Paine, Webber, Etc.,* 514 F.Supp. 535, 540 (N.D.Ill.1981).

At the very least, plaintiffs next contend, the court should strike one of the components of defendants' prayers for relief—the request in which K & S and the CME seek indemnification from plaintiffs adjudged to have aided and abetted Mr. Serhant. In support of their position, they refer the court to the pronouncement of the Court of Appeals for the Seventh Circuit in *Heizer Corporation v. Ross,* 601 F.2d 330, 334 (1979), that a "wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party."

■■■ This isolated statement, however, cannot be unshackled from the entire body of existing case law and accepted as a blanket declaration that a culpable party can never be entitled to indemnification from another wrongdoer. *See, e.g., Maryville Academy v. Loeb Rhoades & Co., Inc.,* 530 F.Supp. 1061, 1070 (N.D.Ill.1981). A party adjudged liable may nevertheless be entitled to indemnification when there is a gross disparity in the quality of its misconduct and that of other parties. *See Parr v. Great Lakes Express Co.,* 484 F.2d 767, 770 (7th Cir.1973); *Madigan Inc. v. Goodman,* 498 F.2d 233, 237–238 (7th Cir. 1974); *Maryville Academy, supra.* After reviewing the pleadings, the court cannot say beyond doubt that K & S and the CME, in the event they and counterdefendants are subsequently found liable to certain class members, can prove no set of facts establishing that the differential in the misconduct of the parties is so gross that counterdefendants should be required to indemnify them. Accordingly, the motion to strike the demand for indemnification from the counterclaims' prayers for relief is denied.

Plaintiff's final argument is that, in any event, the counterclaims against Richard Winer and the unnamed class members have to be dismissed because they, unlike Elizabeth Vaccariello, are absent class members and, therefore, should not be considered parties for purposes of Rule 13, Fed.R.Civ.P. The Court of Appeals for the Seventh Circuit has yet to rule on the status of absent class members. *See Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999, 1004 (7th Cir.1971), *cert. denied,* 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972). Indeed, there are a number of cases, including one decided by Judge McMillen of this district, holding that absent class members should not be accorded party status for purposes of counterclaims. *See, e.g., Weit v. Continental Illinois Nat. Bank & T. Co. of Chicago,* 60 F.R.D. 5, 8 (N.D.Ill.1973) (McMillen, J.); *In re Sugar Industry Antitrust Litigation,* 73 F.R.D. 322, 323, 349 (D.C.Pa.1976); *Donson Stores Inc. v. American Bakeries Company,* 58 F.R.D. 485, 488 (S.D.N.Y.1973). But there is another substantial line of cases holding that absent class members can be considered parties, at least in some circumstances. *See, e.g., National Super Spuds, Inc. v. New York Mercantile Exchange,* 75 F.R.D. 40 (S.D.N.Y.1977); *Rodriguez v. Family Publications Service, Inc.,* 57 F.R.D. 189, 193 (C.C.Cal.1972); *Cotchett v. Avis Rent A Car System, Inc.,* 56 F.R.D. 549, 552 (S.D.N.Y.1972).

■■ After reviewing the relevant case law, the court concludes that in the present situation a formulaic recital of a rigid rule that absent class members can never be considered parties is to be eschewed. *See National Super Spuds, Inc. v. New York Mercantile Exchange, supra.* Rule 13, Fed.R.Civ.P., should not be applied in a restrictive, mechanistic manner that frustrates the overriding goal of the Federal Rules of Civil Procedure to promote the efficacious litigation of all the claims and issues in a case before a federal court. *Cf. Maryville Academy v. Loeb Rhoades & Co., Inc.,* 530 F.Supp. 1061, 1070 n. 14 (N.D.Ill.1981).

Even if the court were to apply the rule argued for by plaintiffs in this case, the counterclaims would not disappear forever; defendants would simply be allowed to raise the counterclaims against absent class members at a subsequent point in the litigation. *See Weit v. Continental,* 60 F.R.D. at 8; *National Super Spuds,* 75

F.R.D. at 43. The court observes, moreover, that, as a practical matter, the issues associated with these counterclaims would never disappear from the case at all; they share a common core of allegations with affirmative defenses raised in defendants' answers to the complaint. In essence, plaintiffs are asking the court to employ Rule 13 as an artifice for postponing the trial of the counterclaims, while blinding itself to the irrefragable argument that the progress of this and related litigation would best be served if discovery with respect to the counterclaims is allowed to proceed.

■ Resort to this clumsy application of Rule 13 is not warranted. Rules 16, 23, and 42, Fed.R.Civ.P., provide a practical, straight-forward, and comprehensive system whereby in complex class action litigation a court, in the interest of expedition and economy, can order separate trials with respect to various claims while, at the same time, allowing for common discovery. *See National Super Spuds*, 75 F.R.D. at 43–44. Accordingly, the parties are directed to proceed with discovery on the counterclaims; and the court, as contemplated by Rule 42, Fed.R.Civ.P., reserves unto itself the right to make a subsequent determination as to when and in what manner the counterclaims are to be tried. With this understanding, plaintiffs' motion to dismiss the counterclaims is also denied insofar as it seeks their dismissal on Rule 13 grounds; therefore, the motion is denied in its entirety.

So ordered.