*881 OPINION OF THE COURT
Edward H. Lehner, J.
The issue on this motion by plaintiffs for summary judgment is whether a provision for indemnification of an underwriter by an issuer is enforceable.
FACTS
Donaldson Lufkin & Jenrette Securities Corporation and Shearson Lehman/American Express, Inc. (plaintiffs) entered into an underwriting agreement (the Agreement) in December 1984 as lead underwriters for the public offering of common stock of defendant. The Agreement contained the following provisions:
"Indemnification (a) The Company agrees to indemnify and hold harmless each underwriter * * * from and against any and all losses, claims, damages, liabilities or judgments caused by any untrue statement or alleged untrue statement of a material fact contained in the Registration Statement or the Prospectus * * * or caused by any omission or alleged omission to state therein a material fact required to be stated therein or necessary to make the statement therein not misleading, except insofar as such losses, claims, damages, liabilities or judgments are caused by any such untrue statement or omission or alleged untrue statement or omission based upon information furnished in writing to the Company by or on behalf of any underwriter expressly for use therein * * *.
"(b) In case any action shall be brought against any underwriter or any person controlling such underwriter * * * with respect to which indemnity may be sought against the Company, such underwriter shall promptly notify the Company in writing and the Company shall assume the defense thereof, including the employment of counsel and payment of all fees and expenses.”
In 1985, a class action suit was brought against plaintiffs, defendant, and officers and directors of defendant for violations of sections 11 and 12 of the Securities Act of 1933 (15 USC §§ 77k, 771) (the 1933 Act), section 10 (b) of the Securities Exchange Act of 1934 (15 USC § 78j [b]) (the 1934 Act), and common law. The essence of the complaint was that the prospectus falsely predicted that defendant’s current fiscal year would be profitable and overstated recent revenues.
In June of 1987, the defendant herein settled that suit by issuing $2.8 million of common stock and paying $50,000 cash *882 to the plaintiff class. The case then continued solely against the underwriters, who later settled by paying $700,000. In neither settlement did any party admit any wrongdoing. This action was brought pursuant to the Agreement to recover $571,843.49 as the costs of defending such suit.
CONTENTIONS OF THE PARTIES
Defendant, in addition to asserting that the amount of attorneys’ fees sought to be recovered is excessive, contends that the indemnity provision is violative of Federal public policy in that section 11 of the 1933 Act makes underwriters jointly liable with the issuer and others for material omissions or misstatements in a registration statement, and enforcement of the indemnity would tend to cause underwriters to be less vigilant in investigating the accuracy of statements reflecting the financial condition of the issuer.
Plaintiffs, who agree that the indemnification would be unenforceable if there had been a determination that it had been guilty of a violation of the securities laws, maintains that since it settled without any admission of wrongdoing, the indemnity should be enforced in accordance with the policy of encouraging settlements.
DISCUSSION
Although the Agreement (§ 10) states that it is to "be governed and construed in accordance with the laws of the State of New York”, Federal law governs the right to indemnity thereunder as the claim arose out of a case brought on asserted violations of Federal securities laws. (See, Baker, Watts & Co. v Miles & Stockbridge, 876 F2d 1101 [4th Cir 1989]; Odette v Shearson, Hammill & Co., 394 F Supp 946 [SD NY 1975]; In re Nucorp Energy Sec. Litig., 661 F Supp 1403 [SD Cal 1987].)
Neither the 1933 Act nor the 1934 Act contains any provision relating to indemnity, although certain sections do provide for a right of contribution (section 11 of the 1933 Act and sections 9 and 18 of the 1934 Act).
In the leading case of Globus v Law Research Serv. (418 F2d 1276, 1288-1289 [2d Cir 1969], cert denied 397 US 913 [1970]), the court ruled:
"Civil liability under section 11 and similar provisions was designed not so much to compensate the defrauded purchaser *883 as to promote enforcement of the Act and to deter negligence by providing a penalty for those who fail in their duties. And Congress intended to impose a 'high standard of trusteeship’ on underwriters. * * * Underwriters who knew they could be indemnified simply by showing that the issuer was 'more liable’ than they (a process not too difficult when the issuer is inevitably closer to the facts) would have a tendency to be lax in their independent investigations; * * * Cases upholding indemnity for negligence in other fields are not necessarily apposite. The goal in such cases is to compensate the injured party. But the Securities Act is more concerned with prevention than cure.
"Finally, it has been suggested that indemnification of the underwriter by the issuer is particularly suspect. Although in form the underwriter is reimbursed by the issuer, the recovery ultimately comes out of the pockets of the issuer’s stockholders. Many of these stockholders may be the very purchasers to whom the underwriter should have been initially liable.”
In Globus (supra), it was established at trial that the underwriter had actual knowledge of the material misstatements, the court emphasizing that the case before it was one where the underwriter "ha[d] committed a sin graver than ordinary negligence.” (418 F2d, at 1288, supra.)
In Heizer Corp. v Ross (601 F2d 330, 334 [7th Cir 1979]), the following was noted with respect to the holding in Globus (supra) and its progeny:
"This result is merely an extension of the general application of principles of indemnification. American Law Institute, Restatement of Restitution, § 88 (1937) provides in part:
"A person who has discharged a tort claim to which he and another were subject * * * is barred from restitution if his tort involved seriously wrongful conduct.
"The comment to this section adds that 'a person is guilty of seriously wrongful conduct if he acts in reckless disregard of the interests of others’ ”.
At the opposite end of the spectrum, defendant acknowledges that a party found not at fault is entitled to enforce an indemnification provision. (See, Koch Indus, v Vosko, 494 F2d 713, 725 [10th Cir 1974]; Laventhol, Krekstein, Horwath & Horwath v Horwitch, 637 F2d 672, 676 [9th Cir 1980], cert denied sub nom. Frank v United States Trust Co., 452 US 963 *884 [1981]; Goldstein v Alodex Corp., 409 F Supp 1201 [ED Pa 1976].)
Although indemnity is barred where intentional violation of the Federal securities laws is established, courts have differed on enforceability where liability is based solely on negligence. In Laventhol, Krekstein, Horwath & Horwath v Horwitch (supra), it was observed that "permitting indemnity would undermine the statutory purpose of assuring diligent performance of duty and deterring negligence” (637 F2d, at 676, supra). The Fourth Circuit, in Baker, Watts & Co. v Miles & Stockbridge (876 F2d 1101, 1105, supra), stated the same policy, finding that "[a]n unsuccessful defendant in a federal securities action * * * cannot 'escape loss by shifting his entire responsibility to another party.’ ” The court specifically rejected the assertion "that the federal policy against indemnification extends only to intentional wrongdoing.” (876 F2d, at 1108, supra.) In In re Nucorp Energy Sec. Litig. (661 F Supp 1403, 1407, supra), in which plaintiff herein, Donaldson Lufkin & Jenrette Securities Corporation sought indemnification, it was held that a nonsettling defendant has no "potential right to indemnification from the settling defendants under the federal securities laws.” In Odette v Shearson, Hammill & Co. (394 F Supp 946, 955, supra), the court rejected the underwriter’s contention that indemnification should be allowed "where reckless disregard is shown but where there is no showing of intent or actual knowledge.”
A contrary position was taken in Adalman v Baker, Watts & Co. (599 F Supp 752 [D Md 1984]), where the court indicated that indemnity of a wrongdoer would be permitted if it could establish that the indemnitor was significantly more responsible, thus adopting a form of comparative fault. In In re Financial Partners Class Action Litig. (597 F Supp 686 [ND 111 1984]), it was recognized that if "the differential in the misconduct of the parties is so gross”, indemnification may be appropriate. (597 F Supp, at 688, supra; see also, Nelson v Quimby Is. Reclamation Dist. Facilities Corp., 491 F Supp 1364, 1381 [ND Cal 1980].)
Here, of course, we have neither a finding of fault nor of innocence. To grant plaintiffs’ motion for summary judgment and enforce the indemnity clause would result in treating a settlor in the same manner as if it were found to be without fault. This I find would be violative of Federal policy as the settlement may well have occurred where, as a result of discovery, the facts clearly showed that the settlor had vio *885 lated the securities regulations. Although the law favors resolution of disputes, allowing a wrongdoer to obtain indemnity because he pays before a jury verdict rather than afterward would not encourage the reasonable care required of underwriters under Federal law.
I believe that the proper approach under these circumstances was that employed in Greenwald v American Medcare Corp. (666 F Supp 489 [SD NY 1987]), where, although the issuer settled the class action, the court allowed a cross claim for indemnification by a director to continue so that he would have “an opportunity to prove that he was without fault and is therefore entitled to indemnity.” (666 F Supp, at 493, supra.)
Thus, the motion by plaintiff for summary judgment is denied. Since the question of whether negligence alone would bar recovery or whether "a sin graver than ordinary negligence” (Globus v Law Research Serv., supra, at 1288) must be shown was not before me on this motion, that issue must await further developments.