OPINION OF THE COURT
Edward H. Lehner, J.
This is a motion by plaintiffs for reargument of the decision of October 12, 1990 (148 Misc 2d 880) denying their request for *127 summary judgment. On this application they contend that, although Federal public policy may preclude enforcement of an agreement between an issuer and an underwriter for indemnity with respect to liability for wrongful conduct under the securities laws, there "is no federal public policy against indemnification of an underwriter for defense costs”.
In support of this position, plaintiffs state that the rationale for "denying indemnification for liability is that underwriters will be more vigorous in fulfilling their obligations under the securities laws if they cannot shift their liability for damages their violations have caused to others * * * [but] that risk of liability for damages will continue to induce underwriters to fulfill their obligations, even if they are indemnified for defense costs”.
Thus, plaintiffs are in essence arguing that the prospective expense involved in defending a lawsuit for purported securities law violations is not a factor that an underwriter will consider in determining its vigilance in ascertaining the accuracy of a prospectus. The court disagrees with such conclusion.
No case has discussed the issue raised herein, but this court believes that the distinction urged by plaintiff would do violence to the Federal policy laid down in Globus v Law Research Serv. (418 F2d 1276 [2d Cir 1969], cert denied 397 US 913 [1970]) and its progeny barring enforcement of an indemnity agreement on behalf of a securities law violator. There is no logic in permitting a wrongdoer to enforce a portion of an indemnity provision.
Legal defense costs are a very significant potential expense item that an underwriter must consider in performing its tasks. In the case at bar the legal expenses allegedly incurred in defense of the underlying action ($571,843.49) came to over 80% of the amount of the settlement ($700,000).
Thus, if plaintiffs’ position were correct and they could recover defense costs even if they were at fault in causing the issuance of an inaccurate prospectus, they would be recovering from defendant over 80% of the amount paid to its shareholders in settlement of the claim for wrongdoing. Hence, the net gain by the plaintiff shareholders who have retained their shares would be less then 20% of the amount of the settlement. (See, Globus v Law Research Serv., supra, at 1289, where there was a suggestion that because of such effect, indemnification of the underwriter by the issuer is "particularly suspect”.)
*128 Plaintiffs correctly point out that the conclusion reached by the court tends to thwart the policy of encouraging the settlement of litigation. Nevertheless, that policy must bow to the aforesaid Federal securities law principles. However, the situation at bar is not likely to occur often in the future as the settlement of an underlying action will generally result in a resolution of all claims. Here that did not occur, apparently because the claim against the issuer was settled prior to the resolution of the action against the underwriters.
Lastly, the fact that New York Business Corporation Law § 726 allows a corporation to purchase insurance to cover defense costs of directors even if the director is found guilty of dishonesty does not affect the foregoing.
Thus, plaintiffs’ motion for reargument is granted, and thereupon the court adheres to its original determination.